NEW-YORK,
May, 1810.

WILLSON
v.
FOREE.

Fraud will vitiate any contract: And if the contract be void, on the ground of fraud, and the party may waive it, and bring an action of assumpsit. Where, on the sale of goods, the vendor takes the note of a third person, payable at a future day, in payment, at his own risk; and there is a fraudulent representation, on the part of the vendee as to the note, the vendor may bring his action immediately, for goods sold and delivered, against the vendee.

## WILLSON against FOREE.

THIS cause came before the court, on a writ of error, from the *Duchess* common pleas.

*Willson* brought an action on the case against *Foree,* and declared in *assumpsit,* 1. For a horse, chair, and harness, sold and deliverd; 2. For money lent, money had and received, &c. 3. And an *insimul computassent.* The defendant pleaded *non assumpsit,* with notice of evidence to be given, at the trial, of money had and received by the plaintiff; and that the plaintiff and the defendant agreed to exchange, and did exchange the horse and chair for a single bill, signed by *John Whaley,* made to *Silas Austin,* dated 1st *May,* 1805, for 250 dollars ; and that the plaintiff took the bill in full satisfaction of the horse and chair; and further notice of setting off the bill ; a *notice* was, at the same time, given to the plaintiff to produce the bill at the trial.

At the trial, the plaintiff gave in evidence, that on the 7th *June,* 1808, he sold and delivered to the defendant the horse and chair, worth 300 dollars.

The defendant proved, that at the time, the parties agreed that the plaintiff was to let the defendant have the horse and chair; and, in payment, the plaintiff agreed to take a note for 250 dollars, dated 11th *December,* 1804, payable 1st *May,* 1809, given by *Whaley* to *Austin,* at the plaintiff's own risk ; and that the note was delivered accordingly.

The plaintiff then offered to prove, that the defendant, at the time, *knew* that *Whaley* was insolvent, though on the same day, and previous to the delivery, he represented him to the plaintiff as a man of property; that the plaintiff had, afterwards, and before the suit was brought, offered to return the note, and demanded the payment, which was refused. This testimony was objected to by

1

the defendant's counsel, and rejected by the court, and the plaintiff was nonsuited. A bill of exceptions was taken, on which the writ of error was brought.

The cause was submitted to the court without argument.

*Per Curiam.* The evidence offered ought to have been received. It went to prove fraud in the defendant, in the special contract which he set up as to the payment; and it is a well settled principle of law, that fraudulent representations will vitiate any contract. The basis of every contract is good faith. If the special contract be void, on the ground of fraud, the plaintiff may disregard it, and bring *assumpsit* for the goods sold. The taking of the note under a fraudulent misrepresentation, was no payment; and any term of credit which the taking of the note may have implied, became void. (1 *Esp. Cases*, 430. 2 *Esp. Cases*, 522. 1 *Comyn on Contracts*, 38.) The plaintiff was nonsuited below, but still, error will lie on a judgment of nonsuit, in cases where costs are awarded by the judgment. (2 *Johns. Rep.* 9.) The judgment below was erroneous, and must be reversed.

Judgment reversed.