VIRGIL CRIST, Respondent, *v.* THE ERIE RAILWAY COMPANY, Appellant.

In an action against a railroad company to recover for buildings destroyed by fire, alleged to have been occasioned by coals from defendant's engine, after testimony has been given tending to exclude the probability that the fire originated from another source, evidence that defendant's engines passing on other occasions emitted sparks and coals, which fell further from the track than the building destroyed, is proper.

It is not required that plaintiff's preliminary evidence should exclude all possibility of another origin, or that it be undisputed. It is sufficient if it presents a question for the jury.

(Argued June 11, 1874 ; decided June 19, 1874.)

THIS was an action to recover damages for the destruction of plaintiff's barn and contents by fire alleged to have been occasioned by coals from one of defendant's engines. (Reported below, 1 N. Y. S. C. [T. & C.], 435.)

The evidence of plaintiff tended to show that there was no probability that the fire was caused otherwise than by fire from the engines. Defendant's testimony, on the contrary, tended to show a probability that the fire was otherwise caused. Plaintiff was allowed to prove, under objection, that engines passing on defendant's road, upon other occasions, emitted sparks and coals which fell further from the track, than the barn. *Held,* no error, as above, citing *Sheldon* v. *H. R. R. R. Co.* (14 N. Y., 218) ; *Hinds* v. *Barton* (25 id., 544).

The court, in charging the jury, after defining negligence to be an act which a prudent man under the circumstances would not do, or the omission to take a precaution which a prudent man under the circumstances would have taken, and after stating that if the doing such an act or the failure to take such precaution produced the injury, defendant was liable, charged that it was the duty of the defendant to use every precaution known to human skill to prevent injury. Directly thereafter the court stated that the testimony on the part of defendant was that the spark arresters used by it were the best known in practical use, and charged that if the jury found that to be true, then the defendant complied with the law which only required it to have the best appliances known to practical use. *Held*, that while the portion declaring it to be the duty of defendant to use every precaution known to human skill was erroneous, yet it was so explained and qualified by the other portions of the charge that defendant could not have been injured; that as the only evidence of negligence was in the use of defective spark arresters, the finding of the jury was necessarily to the effect that the fire was occasioned by fire emitted from the engine in consequence of such defect; and in referring to these, the court laid down the correct rule.

*Amasa J. Parker* for the appellant.

*Samuel Hand* for the respondent.

GROVER, J., reads for affirmance.
All concur; FOLGER, J., concurring in result.
Judgment affirmed.