Smith *v.* Sergent.

————•—•————

## SMITH, executor, &c., *vs.* SERGENT.

Where the plaintiff's case, as stated in the complaint, except the averment of indebtedness, is expressly admitted by the answer, and the matters of defence stated in that pleading are entirely affirmative, the affirmative of the issues between the parties, on the record, is with the defendant.

But if the plaintiff claims and takes the benefit of a ruling in his favor, upon that question, he cannot be heard to complain of it; and the defendant is not injured by it if, notwithstanding such ruling, the verdict is in his favor.

Upon the sale and purchase of a farm, stock and tools, a bond and mortgage were executed by the purchaser for the purchase-money of the farm, and a note was, at the same time, given by him, to the grantor, expressing, on its face, as the consideration thereof, the purchase by him of the grantor's "stock, farming and dairy tools." These papers were executed in pursuance of an *oral* agreement between the parties. but it did not appear that there was any written contract expressing the terms and conditions of the sale. In an action upon the note; *held*, that it was not erroneous to admit parol evidence of the terms of the sale of the farm and other property.

In an action upon a promissory note given to the plaintiff's intestate, the defence was that it had been assigned to the defendant's wife. *Held*, that there was no error in allowing the defendant to testify that he saw the note in his wife's possession; that not being a personal transaction between the defendant and the intestate, and therefore inadmissible under section 399 of the Code, but a fact with which the intestate had no then present or immediate connection.

Indorsed upon the note in suit was an unexecuted assignment to the defendant's wife. *Held*, that it was erroneous to ask the attorney who drew the papers, whether he *supposed* the assignment was signed by the payee, at the time;

the subject under examination being whether the note had been transferred by the payee, to the defendant's wife.

After proof had been given of statements of the plaintiff's intestate that he had given the defendant's wife $500; that he had given her $500 in the personal property, farming utensils, &c.; that he had given her $500 in the trade, &c., the plaintiff offered to prove that the personal property sold to the defendant was worth at least $500 more than the price paid. *Held,* that the evidence was admissible, and was improperly excluded.

The plaintiff offered to prove that the defendant's wife had admitted that the payee had always remained the owner of the note. *Held,* that the evidence was improperly excluded; it not falling within the rule which excludes the declarations of a former holder of a note, in a suit brought by one to whom it has been transferred for value.

That as the defendant claimed the note by a title growing out of his marital rights, as survivor of his wife — claimed title through his wife in a representative capacity — her admissions were competent, as against him.

THIS case comes before the court on exceptions ordered to be heard in the first instance at General Term.

The action was tried before the court and a jury, and a verdict was rendered in favor of the defendant on his counter claim set up in the pleadings.

The plaintiff claimed to recover on a promissory note for $500, dated December 1st, 1867, made by the defendant, and payable to Henry J. Corbin, the plaintiff's testator, on demand with interest. The consideration of the note, as expressed therein, was the purchase by the defendant from Corbin of his "stock, farming and dairy tools."

Corbin was the father of the defendant's wife; and the defence was, 1st. That the note was given by Corbin to his daughter, the defendant's wife, at or about the time it was made; and, 2d. That it had been satisfied by the giving of another note by the defendant to his wife at the request of Corbin, in its place and stead. There was also a counter claim made by the defendant for board, attendance, &c., furnished by him to Corbin and wife. The jury found in favor of the defendant on all the issues, and assessed the amount due to the de-

fendant, on his counter claim, at $453.30. Permission was thereupon given the plaintiff to make and serve a case and exceptions, to be heard in the first instance at General Term, and proceedings in the action were stayed until the decision of the court thereon.

On the trial evidence was given by the respective parties bearing on all the issues, and the case was submitted to the jury under instruction from the court, without any exception to the charge ; and the case is here for examination on questions of law arising on rulings of the court in the admission and rejection of evidence. Those questions are considered in the following opinion. (*See S. C., reported briefly*, 4 *Thomp. & C.*, 684. 2 *Hun*, 107.)

*H. G. Prindle*, for the plaintiff.

*Isaac S. Newton*, for the defendant.

*By the Court*, BOCKES, J. The case was unquestionably for the jury on the proof, as there was much evidence bearing on the issues, proper for their consideration. If true, as matter of fact, that the note in suit was given by Corbin to his daughter, the defendant's wife, and was actually delivered to her, and retained by her as her own property, the plaintiff had no right of action upon it, as he made no pretence of title to the note through her ; and, moreover, if after the gift, a new note was made and delivered by the defendant to his wife at the request of her father, to supersede and take the place of the note in suit, that would operate as an extinguishment or satisfaction of it. There was evidence given on the trial tending to prove the defence, on which the jury were at liberty to find, as they did, in favor of the defendant on these issues. So, too, there was evidence in support of the counter claim, raising a question for the jury on that branch of the case ; and it therefore follows that the defendant is

entitled to judgment on the verdict, in the absence of all
error in the admission or rejection of evidence.

The plaintiff's case, as stated in the complaint, ex-
cept the averment of indebtedness, which was a conclu-
sion of law, was expressly admitted by the defendant's
answer, and the matters of defence stated in the plead-
ing were entirely affirmative. Hence the affirmative of
the issues between the parties on the record was with
the defendant. The learned judge at the circuit held
otherwise ; but this ruling is here of no importance, in-
asmuch as the plaintiff cannot be heard to complain,
for he claimed and took the benefit of the ruling ; and
the defendant was not injured by it, as the verdict was
in his favor, notwithstanding the supposed advantage
afforded the plaintiff thereby.

It is now proposed to examine the case on the excep-
tions interposed to the admission and rejection of evi-
dence ; and, in the first place, I will refer to those rulings
as to which I am of the opinion the exceptions were not
well taken.

The witness, Babcock, was allowed, against objection,
to give parol evidence of the terms of the sale of the
farm and other property by Corbin to the defendant, to
the extent that such evidence was called for. In this
there was no error. It seems that the note in suit was
given on the purchase by the defendant of Corbin's farm,
stock and farming utensils ; and was for the sum agreed
upon between the parties as the value of the " *stock,
farming and dairy tools* " sold. The witness stated
that he was present at the interview between Corbin and
the defendant, and was requested to draw up the papers
to carry out their agreement; and when about to give
the terms of their bargain, the plaintiff's counsel objected
to the evidence on the ground that the writing referred
to was the best evidence of the contract. But it did not
then appear, nor was it afterwards during the trial made
to appear, that the parties entered into any written con-

tract, stating the terms and conditions of their agreement. The arrangement between them, for aught that appeared, was consummated without any written agreement, specifying the terms of the sale. The witness was employed by them to prepare the papers, and he drew the deed, bond and mortgage and note. These papers were prepared, executed and delivered pursuant to, and in performance of the *oral* agreement, as the same was stated to the witness; and it may be added that there was no question or controversy as to the terms and conditions of these papers. The deed, and bond and mortgage, were not specifically called for, and the note was present; and there were no other papers, in so far as the evidence makes disclosure, signed by the parties. Thus, it seems, there was no written agreement expressing the terms and conditions of the sale, and the objection that the writing itself was the best evidence of the contract was without ground of support, in point of fact. I do not understand that the lease, under which the defendant had occupied the farm, was the paper referred to as the one which should be produced, for at the time this objection was interposed, that had not been alluded to. Besides, it no where appears that such lease contained the terms of sale of the farm, stock, &c. But had there been a written contract between the parties expressing the terms of their agreement, it would have been quite remote from the issues — too remote to exclude the parol evidence objected to, on the ground urged; and in this view, also, the objection was not well taken. There was no controversy in regard to the origin of the note in suit, nor any as to its consideration, which, as was conceded by all, was correctly stated on its face. The issues related to other matters, to wit, whether the note, after its delivery, was given to and became the property of the defendant's wife; and whether it had been superseded and satisfied by a new note alleged to have been given in its place. Therefore, the terms and conditions of the

purchase and sale of the farm, stock and agricultural implements, were remote from the questions directly on trial, and no harm could result from the ruling complained of. Nor was there error in allowing the defendant to testify that he saw the note in his wife's possession. This was not a personal transaction between the witness and the intestate, and, therefore, as is urged, inadmissible under section 399 of the Code; but it was a fact with which the intestate had no then present or immediate connection. Nor was it error to admit the question put to one of the witnesses, whether he knew of notice of the death of Mr. Corbin being sent to the defendant. This was on cross-examination, and the point of inquiry was to show hostile feeling; hence its admission or rejection was quite in the discretion of the court.

Without referring to other questions of evidence presented by the case, which, as I think, are free from all just ground of criticism, attention will now be given to several rulings which are deemed erroneous.

(1.) Indorsed on the note in suit was an unexecuted assignment to the defendant's wife. This was written by the witness Babcock, who prepared the papers between the parties for execution by them, and, as was claimed by the defendant, it was to have been also signed at the time by the intestate, Corbin. When detailing what occurred between the parties, he was asked, "Did you suppose it (the assignment) was signed by Corbin at the time?" The question was objected to, but was allowed, and he answered, "Yes, sir." Now the subject under examination before the jury was whether the note had been given by Corbin to his daughter, the defendant's wife; and what was said and done by Corbin bearing on this point of inquiry was admissible as evidence. On the part of the plaintiff it was claimed that he, Corbin, never gave the note to his daughter, and that he expressly refused to execute the assignment of

it to her. To strengthen the defendant's position that, although the assignment was not in fact executed, yet it was intended to have been executed by Corbin, and that its execution was then inadvertently omitted, the witness was permitted to say that he supposed it was signed by Corbin at the time. The supposition of the witness should not have been admitted in evidence. His supposition was not a fact by which the rights of Corbin, or of his personal representative, should be to any extent controlled or affected. As before stated, what Corbin said and did, and all he then said or did bearing on the subject of the alleged gift, was competent to be proved; but the supposition of the witness as to what was intended, or as to what was in fact done or omitted, was incompetent; and his answer, therefore, that he supposed that Corbin had signed the transfer of the note to the defendant's wife, was improper, and, I think, may well have impressed the jury to the plaintiff's injury. If so, and this I deem quite probable, it was error.

(2.) Several witnesses on the part of the defendant had testified to statements or admissions by Corbin to the effect that he had given his daughter, the defendant's wife, $500. In some instances, the admission or statement was that he had given her the note, evidently referring to the note in suit, the consideration of which was stock, &c. In other instances the admission was that he had given her $500 in the personal property — in the farming utensils, &c.; that he had given her $500 in the trade. In this condition of the case, the plaintiff offered to prove that the personal property sold by Corbin to the defendant was worth at least $500 more than the price fixed in the contract of sale; and that the declarations of Corbin, in regard to the transaction, were in reference to this difference in value. The proof so offered was objected to and excluded by the court. In this, I am of the opinion, there was error. The statements of Corbin on the subject of the gift, or many of

them, were open to the explanation offered. Merely showing that the property sold was worth $500 more than the contract price, would amount to nothing ; and such evidence, standing alone, would be inadmissible. But it would become important when connected with the further proof that the admissions of Corbin, relating to the subject of the gift to the defendant's wife, had reference, and was intended to apply, to such difference. This was the significance and point of the offer, and the evidence so offered was admissible ; whether or not the plaintiff could make the offer good by evidence, is not here an open question. It is the offer itself, in its entirety, that we must here consider. Most clearly, if the plaintiff could show by competent evidence that the statements of Corbin, on which the defence rested to a very considerable extent, related to the difference in value suggested in the offer, and not to the note in suit, the defence would be materially weakened, if not absolutely overcome. Such evidence was offered, and we are not at liberty to say it would not have been furnished.

(3.) The plaintiff offered to prove that Mr. Sergent admitted that Mr. Corbin had always remained the owner of the note. This evidence was objected to and excluded. The ruling, I think, was erroneous. If admitted, the evidence would have borne on the question whether or not there had been a gift of the note by Mr. Corbin to his daughter, Mrs. Sergent. The evidence did not fall within the rule which excludes the declarations of a former holder of a note in a suit by one to whom it has been transferred for value.

Here the defendant claimed the note by a title growing out of his marital rights, as survivor of his wife. He claimed title through his wife in a representative capacity — hence his admissions were competent as against him. (1 *John.*, 340. 1 *Barb.*, 230. 7 *Hill,* 361. 8 *N. Y.*, 279, 280. 21 *id.*, 247-249. 1 *Lansing,*

158.) The exclusion of the evidence was, I think, erroneous.

(4.) I am under the impression that some mistake occurred in the settlement of the case at folio 580. As it reads, the defendant was allowed to give evidence of a conversation between himself and the plaintiff's intestate. He was allowed, against objection, to testify to what Corbin stated to him personally. This was inadmissible, under section 399 of the Code. The learned judge was very careful, as the case plainly shows, to exclude all evidence which could be deemed inadmissible under this section, with this single exception. Perhaps a mistake occurred in naming the party who made the observation testified to. The defendant was being interrogated in regard to a conversation between himself and Austin; and the case reads as follows: "Did you state to him (Austin) that they had the note, or anything of that character? A. There was no mention of the note in our conversation. Q. You speak of the $500? A. He spoke of it in this way, as the $500. Q. Who did? A. *Mr. Corbin.* Objected to by plaintiff. Objection overruled. Plaintiff excepts." Did not the witness mean Austin instead of Corbin? I am induced to believe that there was some mistake here, for the reason that throughout the entire trial the court was particularly observant of the prohibition contained in the section of the Code alluded to. But we must decide the case as presented; and as presented, the defendant was allowed to give the declarations of the intestate, made to him personally, in evidence in his own behalf. This was error.

For the reasons above given, I am of the opinion that there must be a new trial of the case. As we have seen, improper evidence was admitted against objection, and competent proof was offered which was excluded. How a jury will regard the case when all improper evidence shall be excluded and all competent evidence admitted, or whether, then, it will be found to stand materially

different from what it now appears, is not matter for the consideration of the court on the present motion.

A new trial must be granted, the costs to abide the event.

MILLER, P. J., concurred.

BOARDMAN, J.   I concur, upon the second ground stated, and upon the three other grounds if an objection without any grounds or reason therefor will sustain an exception.

New trial granted.

[THIRD DEPARTMENT, GENERAL TERM at Binghamton, September 3, 1874.   *Miller, Bockes* and *Boardman*, Justices.]