(9 Misc. Rep. 264.)

### HURLIMAN v. SECKENDORF et al.

(City Court of Brooklyn, General Term. June 25, 1894.)

TRIAL—RIGHT OF DEFENDANT TO OPEN AND CLOSE.

In an action for rent, the complaint alleged that plaintiff leased the premises, with steam heat and power, to defendants, for a certain rent, payable monthly, in advance; that plaintiff duly performed all the conditions of the lease on his part; that, on the first of a certain month, the rent sued for became due, and payment was refused. The answer admitted the lease and defendants' refusal to pay, but denied every other allegation in the complaint, and alleged, as affirmative defenses, that plaintiff failed to supply the steam heat and power as provided by the lease, rescission of the lease, surrender, fraud and deceit, and loss of profits. *Held*, that the answer stated affirmative defenses, the burden of proving which was on defendants, and they were therefore entitled to the affirmative.

Appeal from trial term.

Action by Gustav Hurliman against Isaac Seckendorf and others for rent. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

For decision on appeal from order overruling a demurrer to the answer, see 18 N. Y. Supp. 756.

Argued before OSBORNE and VAN WYCK, JJ.

M. S. & I. S. Isaacs, for appellants.

Jas. C. Foley, for respondent.

OSBORNE, J. Plaintiff brought this action to recover one month's rent of certain premises leased by him to defendants. Defendants, by their answer, admitted the lease, and set up sundry affirmative defenses and counterclaims, to which plaintiff replied, denying the same. Plaintiff obtained a verdict in his favor, and from the judgment entered thereon and the order denying motion for a new trial, as well as from the exceptions taken on the trial, defendants take this appeal. At the commencement of the trial, the defendants claimed that they were entitled to the affirmative, and to the right to open and close. Their motion in this regard was denied, and the defendants duly excepted. With a view of determining if this exception was well taken, it becomes our duty to examine the pleadings in this case, for the question as to which party is entitled to the affirmative must be wholly determined by the pleadings. Bank v. Judson, 122 N. Y. 279, 25 N. E. 367. The first paragraph of the complaint alleges the copartnership of the defendants. The second paragraph alleges that the plaintiff heretofore, by an indenture made between him and the defendants, bearing date May 19, 1890, leased to the said defendants certain premises in said lease mentioned, to wit, the basement of the brick building situated on the northerly side of Wallabout street, near Lee avenue, in the city of Brooklyn, and known as "Nos. 171 to 187 Wallabout street," together with steam heating and power, as in said lease specified, for the term of 23 months, commencing on or about June 1, 1890, at the yearly rent of $1,320, payable monthly in advance on the 1st "day of each and every month, which rent the said defendants covenanted and agreed to pay in manner as aforesaid." Paragraph 3 alleges "that the plaintiff has duly performed all the conditions of said lease on his part." Paragraph 4 is "that, under and by virtue of said lease, there became due on September 1, 1890, the sum of $110, the rent for said month, which the defendants have failed and refused to pay." Then follows the prayer for judgment for $110, with interest from September 1, 1890, besides the costs of this action. By their answer (paragraph 1) defendants "admit the allegations contained in paragraph 1 of the complaint [the copartnership of the defendants]. They admit making the lease in the complaint mentioned, a copy of which lease is hereto annexed, and made part of this answer, and marked 'Schedule A,' and they further admit that they refused to pay the amount demanded in the complaint." By paragraph 2 "they deny each and every allegation in said complaint contained not hereinbefore specifically admitted." Then follow various affirmative defenses, setting up that plaintiff failed to supply them with steam heat, power, etc., as he had covenanted to do, a rescinding of the lease, surrender, fraud, and deceit

in inducing them to make the lease, and claims for expenditures in fitting up the premises, loss of profits, etc. Plaintiff's reply denied the matters constituting counterclaims.

It will thus be seen that the defendants admitted their copartnership, and the making of the lease in question, and their refusal to pay the amount demanded in the complaint. Their denial of the other allegations mentioned in the complaint "not hereinbefore admitted" can only refer to the remaining allegations of the complaint, to wit: "(3) That the plaintiff has duly performed all the conditions of said lease on his part;" and "that, under and by virtue of said lease, there became due on September 1, 1890, the sum of $110, the rent for said month." The last-mentioned allegation constitutes merely a conclusion of law, which it was unnecessary to insert in the complaint, and which the defendants could have disregarded without affecting the real issues in the action. Nor were the allegations in paragraph 3 of the complaint essential to plaintiff's cause of action. They were not matters which plaintiff was bound to allege or prove, and the fact that they were denied by defendants did not have the effect of putting plaintiff to his proof on those points. Phillips v. Brown, 20 Wkly. Dig. 155. If it were necessary to go further to illustrate the statement that the allegation of performance of the conditions of the lease was not essential to plaintiff's cause of action, we have but to remember that the rent sued for was due and payable in advance on the 1st day of September, for the use of the leased premises for that month, and plaintiff's cause of action accrued and was complete on that day, notwithstanding that he had covenanted to furnish defendants with certain steam heat and power for their use during that month. Plaintiff's cause of action arose on the agreement to pay rent in advance, and he had a right to bring suit to recover the rent, if not paid on the 1st day of the month, regardless of anything he had agreed to do during that month. This being so, plaintiff's cause of action became complete immediately on default in payment; and he was not called upon to allege, nor could he then truthfully allege, the performance of any conditions which remained for him yet to perform. That he did not commence suit till after the month had expired did not and could not affect the statement of his right of action that had already accrued.

It will thus be seen that no material allegation of the complaint was denied. The making of the lease was admitted, and the refusal to pay the amount demanded in the complaint. Plaintiff, in such a case, was not bound to prove occupation or enjoyment (Gilhooley v. Washington, 4 N. Y. 217; Salmon v. Smith, 1 Saund. 202, 203, note 1), or to give any proof. The rule, well settled by abundance of authority, is that the party who would fail if no evidence were given shall open and close. Bailey, Onus Prob. p. 607. Applying that rule to the pleadings in this action, it will be seen that, if the defendants gave no evidence to support their affirmative defenses, it would be the duty of the trial court to direct a verdict for the plaintiff. The lease was admitted, and the covenant therein to pay rent monthly in advance, and the refusal to pay the September rent.

These constituted all the essential facts on which plaintiff sought to recover. The matters of defense set forth in the answer were affirmative, and the burden was on the defendants to sustain those defenses. Smith v. Sergent, 67 Barb. 243, 246. We are of the opinion that the affirmative was with the defendants, and that the denial of their right to open and close was the denial of a substantial right (Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489), and that their exception was well taken. This conclusion renders it unnecessary for us to examine any of the other exceptions. Judgment and order denying new trial reversed, and new trial ordered, with costs to abide the event.