JUSTUS HEILBRONN et al., Appellants, v. ABRAHAM S. HERZOG, Respondent.

1. TRIAL — RIGHT TO OPEN AND CLOSE PROOF AND REPLY IN SUMMING UP — REVIEW ON APPEAL OF DENIAL THEREOF. A party holding the affirmative upon an issue of fact has the right upon the trial to open and close the proof and reply in summing up the case to the jury; such right is regarded as a legal right, not resting in the discretion of the court, and a denial thereof may be excepted to and the ruling reviewed upon appeal.

2. WHEN DEFENDANT ENTITLED TO OPEN AND CLOSE. If the plaintiff, without giving any evidence, is entitled to recover upon the pleadings, the affirmative of the issue rests with the defendant, and he is entitled to open and close the proof and to reply in summing up the case to the jury.

3. ACTION FOR PURCHASE PRICE OF GOODS BEFORE EXPIRATION OF TERM OF CREDIT. Defendant, in an action for the purchase price of goods, is entitled to open and close the proof and to reply in summing up the case to the jury where the complaint alleges a promise to pay for the goods, which is not denied in the answer, but does not allege the time when payment is to be made, and the answer pleads an unexpired term of credit, notwithstanding an allegation in the complaint, which is denied by the answer, that the sum claimed is due and payable, since that allegation is a mere statement of a conclusion of law.

4. INSTRUCTION AS TO WAIVER OF RIGHT TO DISAFFIRM CREDIT ON SALE OF GOODS. In an action by sellers of goods to recover the purchase price thereof before the expiration of the term of credit, upon the ground that they relied upon a false and fraudulent statement by the buyer as to his financial condition, an instruction that if after the sale the buyer informed one of the sellers that there was a mistake in the statement and offered to return the goods upon the receipt of the notes given for the purchase price and the seller refused to receive the goods, it was a waiver

of the fraud and the sellers cannot recover, but must rely upon the notes, is erroneous and is not cured by another instruction to the effect that the sellers cannot recover in the action, if at the time the buyer offered to return the goods and gave the explanation, the seller was satisfied to allow the sale to stand, since the right of the sellers to affirm the sale and disaffirm the credit because of the fraud is not clearly preserved by the instructions when read together.

5. SALE ON CREDIT — OPTIONS OF BUYER IN CASE OF FRAUD INDUCING THE CREDIT. Where goods are sold and credit extended to the buyer in reliance upon false and fraudulent statements made by him as to his financial condition, the sellers have the right either to disaffirm the sale and proceed in replevin to recover the goods, or they may waive the tort and proceed in assumpsit for the purchase price of the goods without awaiting the expiration of the term of credit.

*Heilbronn* v. *Herzog*, 33 App. Div. 311, reversed.

(Argued October 22, 1900; decided November 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 26, 1898, affirming a judgment in favor of defendant entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin N. Cardozo* and *M. M. Friend* for appellants. The trial justice erred in holding that if the defendant, after the discovery of the fraud, offered to return the diamonds, and the plaintiffs refused to accept them, this, as a matter of law, was a waiver of the fraud, which barred the plaintiffs thereafter from rescinding the agreement for credit, and bringing an action, not for the recovery of the diamonds, but for the recovery of the purchase price. ( *Wiegand* v. *Sichel*, 3 Keyes, 120; *Claflin* v. *Tausig*, 7 Hun, 223; *Henry* v. *Marvin*, 3 E. D. Smith, 71; *H. B. Co.* v. *Loeffel*, 23 Abb. [N. C.] 93; *Rothschild* v. *Mack*, 115 N. Y. 1; *Carples* v. *N. Y. & H. R. R. Co.*, 16 App. Div. 158; *Rogers* v. *Murray*, 3 Bosw. 357; *Bunten* v. *O., etc., Ins. Co.*, 4 Bosw. 254; *Emerson* v. *Co. of Santa Clara*, 40 Cal. 543; *Fleming* v. *Ins. Co.*, 4 Whart. [Penn.] 59.) The trial justice erred in

holding that the defendant had the right to open and close. (*Gilland* v. *Lawrence*, 13 Wkly. Dig. 372; *Bradley* v. *Clark*, 1 Cush. 294; *P. S. Co.* v. *Meyer*, 8 Daly, 61; *Kinney* v. *Dodge*, 101 Ind. 573; *Marie* v. *Garrison*, 83 N. Y. 23; *Bellinger* v. *Craigue*, 31 Barb. 134.)

*Julius J. Frank* for respondent. The trial justice did not err in his instructions to the jury. (*Bruce* v. *Davenport*, 3 Keyes, 472; *Zimmele* v. *A. P. B. Co.*, 1 App. Div. 327; *Weston* v. *City of Syracuse*, 82 Hun, 67; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Baird* v. *Mayor, etc.*, 96 N. Y. 567; *O. P. R. R. Co.* v. *Forrest*, 128 N. Y. 83; *Bohn* v. *Hatch*, 133 N. Y. 64; *S. S. Nat. Bank* v. *Sloan*, 35 N. Y. 37.) The defendant had the affirmative of the issue. (Abbott's Trial Brief, 30; *L. O. Nat. Bank* v. *Judson*, 122 N. Y. 278; *Elwell* v. *Chamberlain*, 31 N. Y. 611; *McKyring* v. *Bull*, 16 N. Y. 297; *Emery* v. *Balz*, 94 N. Y. 411; *Conselyea* v. *Swift*, 103 N. Y. 604; *Hurliman* v. *Seckendorf*, 9 Misc. Rep. 264; *Trenckmann* v. *Schneider*, 26 Misc. Rep. 695; *Lewis* v. *Donohue*, 27 Misc. Rep. 514; *Glenny* v. *Hitchens*, 4 How. Pr. 98; *Millerd* v. *Thorn*, 56 N. Y. 402.)

WERNER, J. The action was brought to recover the purchase price of certain diamonds sold by the plaintiffs to the defendant. The complaint alleged the sale thereof on the 6th of August, 1896, at the agreed price of $2,450.12, and that defendant promised and agreed to pay said sum. This was followed by the allegation of non-payment, and that said amount was due and payable. The answer denied that the sum specified in the complaint, or any part thereof, was then due and payable, and alleged that the goods were sold and delivered by the plaintiffs to the defendant upon a term of credit which had not expired at the time of the commencement of the action.

Upon the trial the defendant claimed and was given the affirmative. This is assigned as error by the appellants. It

is the well-settled rule in this state that the party holding the affirmative upon an issue of fact has the right upon the trial to open and close the proof, and to reply in summing up the case to the jury. This is regarded as a legal right, not resting in the discretion of the court, and a denial thereof may be excepted to and the ruling reviewed upon appeal. (*Millerd* v. *Thorn*, 56 N. Y. 402; *Merzbach* v. *Mayor, etc.*, 163 N. Y. 16.) The general rule upon this subject is, that if the plaintiff, without giving any evidence, is entitled to recover upon the pleadings, the affirmative of the issue rests with the defendant. (*Lake Ontario Nat. Bank* v. *Judson*, 122 N. Y. 278.) This rule must, of course, be applied and enforced in each case in the light of the specific pleadings and issues before the court. Let us apply this simple and conclusive test to the pleadings before us. The promise to pay is expressly alleged in the complaint and is not denied in the answer. In the absence of any allegation in the complaint as to the time when payment is to be made, the law implies not only the promise, but the duty to pay on the delivery of the goods. Defendant's plea of an unexpired term of credit, which is relied on to defeat plaintiffs' recovery, is in the nature of an affirmative defense which must be supported by evidence before the defendant can succeed. Like the defense of payment, it must not only be pleaded, but proved. The allegation of the complaint that the sum claimed is due and payable, and the denial thereof in the answer adds nothing to the issue. These are merely statements of conclusions of law. Without further discussion of this feature of the case, we conclude that the trial court was right in awarding to the defendant the affirmative on the single issue raised by his answer.

The record also presents for our review alleged errors in the charge of the court to the jury. This necessitates a brief *resumé* of the facts essential to an understanding of the legal question involved. On July 10th, 1895, the defendant was engaged in business as a jeweler in the city of New York. On that day he made and delivered to the Bradstreet Mercan-

tile Agency a statement in writing over his signature showing his financial condition. Among the assets therein enumerated was real estate of the value of $28,000, mortgaged for $16,000, and of the net value of $12,000. In the spring or early summer of 1896, the Bradstreet company furnished to the plaintiffs a copy of the said statement, and the latter claimed to have relied upon the representations therein contained in extending to the defendant the credit upon which the goods described in the complaint were sold. Upon the sale, August 6th, 1896, the defendant gave to plaintiffs his three promissory notes, payable in six, nine and twelve months from date respectively. In the latter part of August, 1896, one Kantz, a representative of the Bradstreet company, interviewed the defendant as to his financial condition and referred to the statement of July 10th, 1895. In that interview the defendant admitted he was not the owner of any real estate, and claimed that the insertion of that item in the written statement of his assets was a mistake made by his son in preparing the statement; that he, the defendant, signed the same without scrutinizing its contents. After this interview between Kantz and the defendant, Heilbronn, one of the plaintiffs, called upon the defendant and referred to the discrepancy between defendant's written statement of July 10th, 1895, and the verbal one made to Kantz subsequent to the sale. In this conversation defendant reiterated his claim that there was a mistake in the written statement, and said " he was just as good without that property as he was before." Heilbronn testifies that thereupon he went away satisfied.

The defendant, in his testimony, admits the essential features of these interviews with Kantz and Heilbronn, but adds that in his talk with the latter he, defendant, offered to return the diamonds and demanded the return of his notes. Whereupon Heilbronn said, " Herzog, I have known you for many years, your family and your brothers; it is all right. I simply wanted to ask you what this change meant." This evidence is corroborated by that of the defendant's son and denied by Heilbronn.

This brings us to that portion of the charge which is excepted to by the appellants. The court, after having directed the attention of the jury to the evidence relating to defendant's alleged offer to return the diamonds, charged as follows: "Now, if he did that, if he made that explanation, if it was a mistake, and he explained to Mr. Heilbronn that there was a mistake, as he says he did, and offered to return the diamonds upon the receipt of his notes, and Mr. Heilbronn refused to receive the diamonds, it was a waiver of the fraud and the plaintiffs cannot recover; the plaintiffs were required to rely upon the promissory notes they had taken when this sale was made, if at that time the fraud was waived." We think this charge was erroneous. If the goods were sold and the credit extended to the defendant in reliance upon the false and fraudulent statements made by him, the plaintiffs had the right either to disaffirm the sale and proceed in replevin to recover their goods, or they could waive the tort and proceed in assumpsit for the purchase price of the goods. (*Wigand* v. *Sichel,* 3 Keyes, 122; *Crossman* v. *Universal Rubber Co.,* 127 N. Y. 38; *Willson* v. *Foree,* 6 Johns. 110.) There is a well-recognized distinction in such cases as these between a disaffirmance of the sale with all its incidents, and a mere rescission of the credit upon which the sale was made. This distinction was overlooked by the learned trial court, as is plainly indicated by the charge above quoted.

But it is urged with much force that, even if that portion of the charge is concededly erroneous, it was cured by the following instruction to the jury: "If you find that the defendant offered to return the diamonds, and gave this explanation, and that Mr. Heilbronn said he was satisfied to allow the sale to stand as it was, then the plaintiffs cannot recover. If, on the other hand, this offer was not made, then the plaintiffs are entitled to recover, if you find that this sale was fraudulently procured." It will be observed that in this portion of the charge there is the same distinct reference to the sale and the defendant's alleged offer to return the diamonds as in the portion first quoted. The jury were

explicitly instructed that the plaintiffs could not recover if the defendant offered to return the diamonds. No allusion was made to plaintiffs' right to affirm the sale and to disaffirm the credit. That plaintiffs were willing to allow the contract to stand was apparent from their election to sue upon the contract and not in tort; but whether they had also affirmed the credit upon which the sale was made was an independent question upon which the plaintiffs were entitled to have the jury plainly and correctly instructed. The obvious import of all that was said upon this subject by the trial court was that the plaintiffs' right to recover depended wholly upon the finding that the defendant offered to return the diamonds. This, as we have seen, was error, because it was not necessary for the plaintiffs to receive back their goods, unless they chose to rescind the sale as well as the credit. As this conclusion leads to a reversal, it would be unprofitable to discuss other questions which may not be presented upon another trial.

The judgment should be reversed, and a new trial granted, costs to abide the event.

MARTIN, J. (dissenting). I concur in the conclusion that upon the trial the defendant was properly awarded the affirmative, but dissent from the proposition that the court erred in its charge as to the effect of the transaction between the parties when the plaintiffs learned the entire truth as to the defendant's financial statement. If, upon that occasion, the defendant offered to return the goods purchased, upon the surrender of his notes, and the plaintiffs refused or omitted to rescind the sale, either *in toto* or as to the credit, but on the contrary said that the sale, which plainly included the credit, was all right, they could not subsequently rescind the original contract either as to the sale or the credit which they thus ratified with a full knowledge of all the facts. If it be admitted that there was a fraud through which the defendant obtained the plaintiffs' goods, which may be doubted, still the contract was not void but merely voidable and might be ratified by the plaintiffs. Under such circumstances a party

who is entitled to repudiate a contract upon the ground of fraud is required to act promptly after its discovery. (*Bruce* v. *Davenport*, 3 Keyes, 472; *Guckenheimer* v. *Angevine*, 81 N. Y. 394; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Gould* v. *C. C. Nat. Bank*, 86 N. Y. 75; *Baird* v. *Mayor, etc.*, 96 N. Y. 567; *O. P. R. R. Co.* v. *Forrest*, 128 N. Y. 83; *Mayo* v. *Knowlton*, 134 N. Y. 250, 254.)

If the plaintiffs intended to disaffirm their contract with the defendant, it was their duty to do so promptly. The fact that there was no such disaffirmance at the meeting in September or until months afterwards when this action was commenced, is potent, if not conclusive, evidence that the plaintiffs intended, what their words signified, that the original contract was all right and they were satisfied with it. Upon this subject the court charged: " The evidence is that the plaintiff Heilbronn called at the place of business of the defendant, and called his attention to this change in the rating, and the defendant says at that time he explained to him, to the plaintiff, how that occurred, that it was a mistake, and stated substantially to him then, as he states now upon the witness stand, and he says that he accompanied the explanation by stating that if he was not satisfied, that if the plaintiffs were not satisfied with his honesty or with his credit — you remember what he said, that the diamonds were there and they could have them back, offering, as he says, to return the diamonds and receive back his promissory notes. Now, if he did that, if he made that explanation, if it was a mistake, and he explained to Mr. Heilbronn that there was a mistake, as he says he did, and offered to return the diamonds upon the receipt of his notes, and Mr. Heilbronn refused to receive the diamonds, it was a waiver of the fraud, and the plaintiffs cannot recover; the plaintiffs were required to rely upon the promissory notes they had taken when this sale was made, if at that time the fraud was waived." In view of the law relating to the prompt disaffirmance of contracts for fraud, did even this isolated portion of the charge amount to more than saying that, if the mistake

14

upon which the claim of fraud was based was explained to the satisfaction of the plaintiffs, and the defendant offered to disaffirm and the plaintiffs refused, thus not promptly repudiating or disaffirming the original contract either *in toto* or as to the credit, they could not recover ? I think it did not. But the court further charged upon this subject as follows : " If you find that the defendant offered to return the diamonds, and gave this explanation, and that Mr. Heilbronn said he was satisfied to allow the sale to stand as it was, then the plaintiffs cannot recover. If, on the other hand, this offer was not made, then the plaintiffs are entitled to recover if you find that this sale was fraudulently procured."

We ought not to seize hold of an isolated portion of a charge for the purpose of criticism, and, if the charge as a whole con veyed to the jury the correct rule of law on a given question, the judgment will not be reversed because detached sentences may be erroneous. If the language employed is capable of different constructions, that construction will be adopted which will lead to an affirmance of the judgment, unless it fairly appears that the jury were, or at least might have been, misled. (*Caldwell* v. *New Jersey Steamboat Co.*, 47 N. Y. 282; *Losee* v. *Buchanan*, 51 N. Y. 476, 492; *Crist* v. *Erie Railway Co.*, 58 N. Y. 638.) "In considering whether a single proposition contained in a charge is erroneous, it will be construed in connection with the context, and the whole charge, or so much of it as is connected with and tends to modify or explain the part claimed to be objectionable, will be considered. And although a part of the charge excepted to, when isolated from the context, is erroneous, yet the judgment will not be reversed and a new trial granted for that cause, if it appears that the jury could not have been misled thereby." (*Sperry* v. *Miller*, 16 N. Y. 407, 413; Baylies on New Trials and Appeals, pp. 182, 183; *Smith* v. *Matthews*, 152 N. Y. 157.)

When the whole charge upon that subject is fairly considered, it seems to me that it amounted only to an instruction to the jury that if, at the time of the interview between the par-

ties in September, the defendant explained to the plaintiffs the mistake in his statement as to his financial rating, offered upon the receipt of his notes to return the goods purchased, and the plaintiffs said they were satisfied to allow the sale to stand as it was, then the plaintiffs could not recover. While it is true that the first portion of the charge as made did not include the statement of the plaintiff that he was satisfied to allow the sale to stand as it was, still, after briefly stating to the jury the rule relating to the credibility of witnesses, the court immediately re-stated the proposition and included therein the statement by the plaintiff that he was satisfied to allow the sale to stand as it was; so that the court's last charge upon the subject was that if the explanation of the defendant was given and there was an offer to return the diamonds and the plaintiff said he was satisfied to allow the sale to stand as it was, then the plaintiffs could not recover.

It seems to me that the jury must have understood this charge, when taken as a whole, as an instruction to the effect that if the facts as to the transaction between the parties in September were as proved by the defendant, and the plaintiff was at the time satisfied, as he admitted, then the plaintiffs were not entitled to recover. But if the facts were as claimed by the plaintiffs, then they were entitled to recover if the sale was fraudulently procured. The proof justified the charge. Both the defendant and his son testified that upon that occasion after a disclosure of all the facts in regard to his financial standing and as to the mistake in the statement first delivered to Bradstreet & Co., the plaintiffs said it was all right. Moreover, the plaintiff himself testified that upon that occasion, after his discussion of the matter with the defendant, he went away satisfied. Under this proof, coupled with the fact that months elapsed before any action was brought or the purchase price demanded, it is evident that the plaintiffs ratified the sale upon credit with a full knowledge of the facts, and, by not having promptly rescinded either the sale or the credit, the original contract was binding upon them. Under all the facts and circumstances established by the proof, it seems clear

that the charge, when considered as a whole, was proper, and, under the rules applicable to its consideration, the judgment should not be reversed because some isolated portion of it might be subject to criticism.

As I find no other exceptions which would justify a reversal, I am of the opinion that the judgment should be affirmed.

PARKER, Ch. J., BARTLETT and CULLEN, JJ., concur with WERNER, J., for reversal; GRAY and VANN, JJ., concur with MARTIN, J., for affirmance.

Judgment reversed, etc.