statements of counsel than the sworn testimony of witnesses. Judgment was rendered in favor of the plaintiff for the full sum of $142.65. It must be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.

(69 Misc. Rep. 637.)

PHYFE v. DALE.

(Supreme Court, Appellate Term. December 8, 1910.)

TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE.

A defendant in an action for rent, who admits the lease and the amount of the rent claimed, with interest, and who pleads an affirmative defense, has the right to open and close.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. § 25.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Amelia Phyfe against John G. Dale. From a judgment for plaintiff, defendant appeals. Reversed, and new trial awarded.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Malcolm Sundheimer, for appellant.

Kelley & Connelly (Christian S. Lorentzen, of counsel), for respondent.

PLATZEK, J. This action is brought to recover for three months' rent under a written lease. The answer admits the making of the lease, denies that any rent is due, and pleads, as and for a separate defense, the breach, on the plaintiff's part, of the conditions of the lease, amounting to constructive eviction. The case came on for trial before one of the justices of the Municipal Court and a jury. The stenographer's minutes show:

"Plaintiff's Attorney: The complaint stands admitted. The amount claimed to be due for rent for the three months is $240, and interest on that amount from September 1, 1908.

"Plaintiff rests.

"Defendant's Attorney: The defendant claims here, by reason of the answer, that he has the affirmative in this action, and desires to exercise his right of taking the affirmative.

"The Court: Motion denied.

"Defendant's Attorney: Exception."

The defendant having set up an affirmative defense and the plaintiff's cause of action being admitted, and the whole amount claimed, with interest, being conceded, the defendant had the affirmative of the issue, and the denial by the trial court of defendant's right to open and close the case is reversible error.

In Hurliman v. Seckendorf, 9 Misc. Rep. 264, 29 N. Y. Supp. 740, it is held that in an action for rent under a lease, where the complaint alleged the making of the lease, provided for the payment of rent, that accrued rent was due, and the answer admitted the making of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lease and a refusal to pay the amount demanded, denying all other allegations of the complaint, and setting up affirmative defenses, that no material allegation of the complaint was denied, and that the defendants had a right to the affirmative of the issue.

In L. O. Bank v. Judson, 122 N. Y. 278, 25 N. E. 367, Bradley, J., writing for the court, said:

"The test is whether, without any proof, the plaintiff, upon the pleadings, is entitled to recover upon all the causes of action alleged in his complaint. If he is, and the defendant alleges any affirmative matter of defense in avoidance of the plaintiff's alleged cause of action, and which is the subject of trial, the defendant had the right to open and close."

Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489, is a case where the judgment appealed from was reversed solely upon the ground that the court below erred in refusing to allow the defendant to hold the affirmative of the issue and open and close the case. Murray v. N. Y. L. Ins. Co., 85 N. Y. 236; Smith v. Sergeant, 67 Barb. 243; Plenty v. Rendle, 43 Hun, 568.

As, for the error stated, the judgment must be reversed, and as a new trial may present a different state of facts, it is not necessary to consider the other questions raised upon the trial.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.