(164 App. Div. 238)

HERRESHOFF v. AMERICAN & BRITISH MFG. CO.   (No. 6312.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

1. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE.
   The party having the affirmative upon an issue of fact, particularly in a jury case, has the right to open and close the proof, and to reply in summing up the case to the jury.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44-75; Dec. Dig. § 25.*]

2. APPEAL AND ERROR (§ 969*) — TRIAL (§ 25*) — REVIEW — DISCRETION OF COURT—RIGHT TO OPEN AND CLOSE—NATURE OF RIGHT.
   The right of a party having the affirmative upon an issue of fact to open and close is not one resting in the discretion of the trial court, and a denial thereof may be excepted to, and the ruling reviewed on appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3845-3848; Dec. Dig. § 969;* Trial, Cent. Dig. §§ 44-75; Dec. Dig. § 25.*]

3. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE—TEST.
   The test as to when the defendant has the right to open and close is whether plaintiff, without giving any evidence, is entitled to recover upon the pleadings.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44-75; Dec. Dig. § 25.*]

4. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE.
   Where the complaint in an action for breach of a contract of employment alleged the contract, and that before its expiration plaintiff was discharged without cause, the allegation that the discharge was without cause may be rejected as surplusage, being intended only to anticipate that defense; and hence, where the answer admitted all the allegations, except that the discharge was without cause, which was denied, the answer affirmatively averring that the discharge was justified, the affirmative of proving that issue was upon defendant, who was consequently entitled to open and close.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44-75; Dec. Dig. § 25.*]

5. TRIAL (§ 25*)—RIGHT TO OPEN AND CLOSE.
   Where the complaint in an action for breach of a contract of employment alleged that plaintiff suffered damages in a sum equal to the agreed compensation from the date of discharge to the expiration of the contract, those allegations as to the damages suffered were superfluous, the breach prima facie causing such damages; hence a denial that plaintiff suffered the damages alleged does not cast upon plaintiff the burden of proving the damages suffered, and defendant is entitled to open and close, the other allegations of the complaint having been admitted.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44-75; Dec. Dig. § 25.*]

6. APPEAL AND ERROR (§ 1046*)—REVIEW—HARMLESS ERROR.
   In an action for breach of a contract of employment, where defendant alleged incompetency and insubordination on the part of plaintiff, and the evidence was such as to raise a question for the jury on those issues, the improper denial of defendant's right to open and close was prejudicial.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128-4131, 4134; Dec. Dig. § 1046.*]

   Ingraham, P. J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by William S. Herreshoff against the American & British Manufacturing Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Ralph Polk Buell, of New York City, for appellant.
Albert I. Sire, of New York City, for respondent.

SCOTT, J. This is an action by a discharged employé against his employer for damages for the discharge. The employment, the agreed rate of compensation, and the discharge before the end of the stipulated term were all admitted by the answer; the defendant pleading that, for reasons alleged in the answer, the discharge was justified. It was also sought to be shown that after the discharge, and during the agreed term of service, plaintiff had been engaged in work from which he ultimately derived a profit. The questions raised by the answer were duly submitted to the jury, and so far as concerns such submission, and the conclusion at which the jury arrived, we find no reversible error.

[1, 2] A serious question is presented, however, by the defendant's exception to the court's refusal to accord to it the right of opening and closing the case. It is a well-settled rule in this state that the party having the affirmative upon an issue of fact, especially in an action triable before a jury, has the right to open and close the proof, and to reply in summing up the case to the jury. This is regarded as a legal right not resting in the discretion of the court, and a denial thereof may be excepted to, and the ruling reviewed upon appeal. Millerd v. Thorn, 56 N. Y. 402; Murray v. N. Y. Life Ins. Co., 85 N. Y. 239; Matter of Hopkins, 97 App. Div. 127, 89 N. Y. Supp. 561; Heilbronn v. Herzog, 165 N. Y. 98, 58 N. E. 759.

[3] The test as to when a defendant has such a right is thus stated in Heilbronn v. Herzog, supra:

"The general rule upon this subject is that if the plaintiff, without giving any evidence, is entitled to recover upon the pleadings, the affirmative of the issue rests with the defendant."

[4] In the principal case, the complaint alleged the plaintiff's employment under a written contract, at an agreed salary payable monthly, for a term of one year from September 1, 1908; that in pursuance thereof plaintiff entered upon said employment, and continued therein until the 31st day of January, 1909, when he was discharged "without cause"; and that thereby he suffered damages in a sum equal to the agreed compensation from the date of discharge to the date at which the contract of employment by its terms expired. All of these allegations were admitted by the answer, except that it was denied that the discharge was "without cause," and the damages were also denied. Neither of these denials raised any issue as to which the plaintiff was called upon to offer proof.

As to the denial that plaintiff was discharged "without cause," it was said in Linton v. Unexcelled Fireworks Co., 124 N. Y. 533, 27 N. E. 406:

"That the plaintiff was discharged before the contract had expired was material. That he was discharged without cause was immaterial, so far as the complaint was concerned, because a recovery could be had without proving it. It was sufficient for the plaintiff to allege a violation of the contract by the defendant. His effort to anticipate and deny any possible defense to his cause of action was surplusage."

[5] So, also, as to the damages. The rate of salary agreed upon and the date of discharge having been admitted, plaintiff was entitled prima facie to recover as damages the amount of the agreed salary for the unexpired term of the contract. Milage v. Woodward, 186 N. Y. 252, 78 N. E. 873. Nor was it incumbent upon plaintiff to show affirmatively, as a part of his case, that he had sought for and been unable to obtain other employment. Allen v. Glen Creamery Co., 101 App. Div. 306, 91 N. Y. Supp. 935. It follows that under the pleadings there was nothing for the plaintiff to prove, and he was entitled to judgment upon the allegations of the complaint and the admissions in the answer. The refusal of defendant's application to be allowed to open and close the case to the jury was therefore legal error.

[6] It is urged, however, that notwithstanding error may have been committed in this regard, it should be overlooked, because it does not appear that any prejudice resulted to the defendant. If it did clearly so appear, it would certainly be our duty to disregard the error; and it would so appear if there was no question in the case that should have been submitted to and determined by the jury, and if upon the evidence it had been the duty of the judge to direct a verdict for the plaintiff for the amount claimed (Millerd v. Thorn, supra), and probably, also, if the evidence had so strongly predominated in favor of plaintiff that it would have been the duty of the court to have set aside a verdict in favor of defendant. No such case, however, was presented. The defendant alleged and sought to prove incompetency and insubordination on plaintiff's part, and it was a fair question for the jury upon the evidence whether or not this defense had been made out.

For the error referred to, the judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.

CLARKE, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). The only question which is entitled to consideration on this appeal arises on an exception to a denial of the defendant's motion to accord to it the opportunity and the right to open and close the case. Assuming that the defendant was entitled to have that motion granted, the question here presented is whether such an error requires us to reverse the judgment. In late

years there has been a radical change in the view that an appellate court was bound to reverse a judgment for errors which do not affect the substantial merits of the controversy. The Legislature has attempted to correct what was considered to be the result of such injustice by legislative provisions, both in civil and criminal proceedings, in which the appellate courts are directed not to reverse judgments for purely technical errors, but only for errors which affect the substantial merits of the controversy. In 1912 the Legislature amended section 1317 of the Code of Civil Procedure by providing that:

"After hearing the appeal, the court [Appellate Division] must give judgment, without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

It seems to me that this is an error which we are directed to disregard. It is true in this case that the defendant, having discharged the plaintiff during the time the contract was in force, was bound to justify such a discharge and to affirmatively prove that the plaintiff had failed to perform his duties, or for some other reason the defendant was justified in terminating the contract. But whether the defendant should open the case to the jury, and should have the final argument before it, before the case was submitted, did not affect a "substantial right." Considering the nature of the controversy, the method of trial, and the testimony in the case, I do not think that a jury would have found that the defendant was justified in abrogating its contract. But, assuming that it was a question for the jury, the mere right to sum up after his opponent has summed up cannot, I think, be considered as a matter of substance which in any way affected the result. Jurors are not to be treated as such irrational beings as are liable to be confused or influenced by the fact that one or other counsel was the last to talk to them. In a case of this kind, which did not involve any particular sympathy or prejudice, and which a jury of business men would be peculiarly competent to determine, I am not willing to say that the denial of such a motion could have affected the verdict of the jury. I think, under the provisions of section 1317 of the Code of Civil Procedure, we are required to disregard this exception as not affecting a substantial right of the defendant.

I am therefore in favor of affirmance.