(91 Misc. Rep. 4)

### REGAN v. KELLEY et al.

(Supreme Court, Appellate Term, First Department. June 23, 1915.)

1. TRIAL ☞25—RIGHT TO OPEN AND CLOSE.

　In an action for rent under a written lease, the mere denial in the answer that the amount claimed was the balance due raised no issue on which plaintiff had to put in evidence; and hence defendant was entitled to open and close in support of its defense of a remission of all but a certain sum tendered.

　[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. ☞25.]

2. APPEAL AND ERROR ☞1046—HARMLESS ERROR—DENIAL OF RIGHT TO OPEN AND CLOSE.

　Where there was no question for the jury, or it would have been the court's duty to have directed a verdict for plaintiff, or to have set aside a verdict for defendant, the denial of defendant's right to open and close would not be reversible error.

　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4128–4131, 4134; Dec. Dig. ☞1046.]

Appeal from City Court of New York, Trial Term.

Action by James B. Regan against Albert Kelley and others, doing business under the firm name of Kelley & Co. Judgment ordered on a verdict in favor of plaintiff, motion for new trial denied, and defendants appeal. Judgment and order reversed, and new trial ordered.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Paine & Harrison, of New York City (Julian C. Harrison, of New York City, of counsel), for appellants.

Max D. Steuer, of New York City, for respondent.

GUY, J. The action is for rent under a written lease; the defense that the plaintiff had released, transferred, and assigned to the defendants, and intentionally and voluntarily forgiven the amount claimed, less the sum of $68.48, for which last-named sum the defendants offered to allow judgment, with interest and costs.

The complaint set up the lease, occupation by defendants, and payment on account of the stipulated rent, leaving due and unpaid $520.81. The answer denied so much of the complaint as alleged that the said balance was due and owing, and set up the defense as hereinbefore

stated. At the opening of the trial the plaintiff claimed the affirmative; the court ruled against the defendants, and they excepted.

[1] To prove his alleged cause of action the plaintiff did not have to put in any evidence; no issue was raised by the denial that the balance sued for was due and owing (Heilbronn v. Herzog, 165 N. Y. 98, 58 N. E. 759; Hurliman v. Seckendorf, 9 Misc. Rep. 264, 29 N. Y. Supp. 740; Lewis v. Donohue, 27 Misc. Rep. 515, 58 N. Y. Supp. 319); and the refusal of the court to permit the defendants to open and close to the jury was error (Herreshoff v. American & British Mfg. Co., 164 App. Div. 238, 149 N. Y. Supp. 703).

[2] The respondent claims, however, that the defendants were not prejudiced by the ruling complained of. It was also claimed in support of the Herreshoff judgment, supra, that no prejudice resulted to the defendant there, and the court said that if it clearly appeared that no prejudice resulted the error would be disregarded; "and it would so appear if there was no question in the case that should have been submitted to and determined by the jury, and if upon the evidence it had been the duty of the judge to direct a verdict for the plaintiff for the amount claimed, and probably also if the evidence had so strongly predominated in favor of plaintiff that it would have been the duty of the court to have set aside a verdict in favor of the defendant."

In the case at bar the defendants were stockbrokers. As a result of the European war the Stock Exchange was closed in July, 1914, and did not reopen until some time in December. In August one Halloran, representing the defendants, called on the landlord and asked him, in view of business conditions, to make a concession in the rent, and the landlord testified that he could not remember just what was said; that he thought he said to Halloran "that the rent would be cut in two during the time that the Exchange was closed; then Mr. Halloran replied that he thought it was very liberal and was very nice, etc., and that they would be very well pleased, and that they would take care of that after the Exchange opened." Plaintiff's counsel then asked him, "What do you mean by taking care of it?" to which the witness answered: '

"Take care of those moneys. Q. Of the portion that remained unpaid? A. That is what I assumed."

Halloran testified that, when he asked the landlord for the concession in the rent, the plaintiff said:

"Well, I will tell you what I will do. I will make it half rate for the time the Stock Exchange closed until it opens."

Defendants put in evidence receipt for the rent for October, which reads:

"To rent of offices for the month of October, $208.33; less allowance ordered Mr. J. B. Regan, $104.16—$104.17.

"Recd. payment.                    James B. Regan, Treasurer."

The November and December receipts were in the same form.

As it is apparent in this case that none of the conditions existed which under the rule laid down in the Herreshoff Case would au-

thorize this court to conclude that the defendants were not prejudiced by the denial of their right to open and close to the jury, the judgment and orders must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.