[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 404 
The party holding the affirmative upon an issue of fact has the right, upon trial, to open and close the proof, and to reply in summing up the case to the jury. This is a legal right not resting in the discretion of the court, and when denied the denial may be excepted to and the ruling reviewed upon appeal from the judgment. (Lindsley v. The European Petroleum Co., 3 Lansing, 176; Elwell v. Chamberlin, 31 N.Y., 614.)
The defendant in this case held the affirmative of the issue. The admission in the answer that the defendants purchased the goods of the plaintiffs as alleged in the complaint, and became thereby indebted to them therefor, as thus alleged, rendered the question whether the plaintiffs were, at the time of such sale, copartners, wholly immaterial. The only facts to be tried were those alleged by the affirmative defence contained in the answer of the defendant Thorn. Upon a failure by Thorn to give such evidence to sustain this defence as made a case proper for the consideration of the jury, the plaintiffs were entitled to judgment upon the pleadings for the amount claimed. The copartnership of the plaintiffs was the only fact denied by the answer. The plaintiffs were entitled to judgment upon the failure of the defendant to prove his affirmative defence, whether they were copartners or not. There was no occasion to prove this, and testimony upon the point should have been rejected as immaterial. The judge therefore erred in denying the defendant the right of opening and closing the proof, for which the judgment must be reversed, unless it appears from the case that the defendant was not prejudiced by the error. This would so appear if there was no question in the case that should have been submitted to and determined by the jury, and if it was the duty of the judge to direct a verdict for the plaintiffs for the amount claimed by them.
The defence set up by the defendant Thorn was, that after *Page 406 
the purchase of the goods from the plaintiffs by the defendants, the defendants dissolved the partnership existing between them. That it was agreed between Thorn and his copartner, Smith, upon such dissolution, that the latter should assume and pay all the debts of the firm, including that to the plaintiffs for the goods in question. That these facts were communicated to the plaintiffs. After which they received from Smith his note on time in payment of the demand. The defendant Thorn gave evidence tending to prove these facts, such as the court held (rightly, I think) made a case that must be determined by the jury.
When a creditor of a partnership after dissolution thereof, knowing that one or several of the partners have agreed with the others to assume and pay the debts of the firm, takes the negotiable notes of those who should pay, in payment of the debt of the firm, he thereby cancels the claim against the firm, and discharges the other partners. (Story on Partnership, 276, 277 and 278; §§ 155, 156 and notes; Collier on Partnership, book 3, § 3, and cases cited; Arnold v. Camp, 12 J.R., 409; Waydell
v. Luer, 3 Denio, 410.)
I think the defendant was entitled to have the jury instructed, as substantially requested by him, that if the plaintiffs extended the time of payment of the debt to Smith until the note given by him therefor matured, Thorn was thereby discharged. By the agreement of Smith upon the dissolution of the partnership between the defendants, to assume and pay the debt due the plaintiffs, he became, as between him and Thorn, principal debtor, and the latter his surety for payment. If the plaintiffs, with knowledge of these facts, made a valid agreement with Smith to extend the time of payment, they thereby discharged Thorn. (Colgrove v. Tallman, 2 Lansing, 97; Oakeley v.Pasheller, 10 Bligh's New Parliamentary Reports, 548.)
The judgment appealed from must be reversed, and a new trial ordered; costs to abide event.
All concur.
Judgment reversed. *Page 407