## SUPREME COURT.

JOHN M. DODD and ALEXANDER M. ROSS, respondents, agt.
EDWARD DREYFUS, appellant.

*Partnership — dissolution of — one partner assuming debts of copartnership,
the retiring member becomes merely surety and is discharged from liability
by extension of time for payment with knowledge of such facts.*

When, upon a dissolution of a firm, one of the partners assumes the debt
of the copartnership, the retiring member becomes merely a surety.
When the creditor, having knowledge of such facts, extends the time of
payment of the debt and receives the notes of one of the firm, the other
partner is dischrged from liability.

*First Department, General Term, March,* 1879.

THIS case was tried before judge DONOHUE and a jury, and
a verdict directed for the plaintiffs. The defendants'appealed
from the judgment entered thereon to the general term. The
facts fully appear in the opinion of the court.

*A. Blumenstiel,* for defendants.

*George Carpenter,* for plaintiff.

INGALLS,. *J.*— Although the articles of partnership were
excluded, yet the evidence, which was received without objec-
tion, clearly shows that such partnership did exist between
the defendant, Edward Dreyfus, and M. J., and S. M. Hyatt,
for the manufacture of lime in the county of Ulster, and that
the same was dissolved, and that the defendant, Dreyfus,
retired from the business, which was continued by the Hyatts,
who assumed the payment of the debts of the old firm,
including the rent, which was due to the plaintiffs. The
evidence shows that the plaintiffs had knowledge of the fore-
going facts. A new lease was executed by the plaintiffs to

the Hyatts of the same premises, and the latter gave to the plaintiffs a note for $3,400, for the rent which became due, which was indorsed by one Benedict Dreyfus, upon which note there was paid $1,400, and a new note taken by the plaintiffs for the balance, $2,000, which was executed June 28, 1875, payable one month after its date. We do not perceive from the evidence that the defendant, Edward Dreyfus, was at the time aware of the arrangement by which the notes were executed to secure the payment of the rent. The acceptance of such notes, under the circumstances, has the effect to extend the time for the payment of the rent, and that, too, it would seem, without the knowledge and consent of Edward Dreyfus. The dissolution of the partnership, and the retirement of Edward Dreyfus, and the assumption by the Hyatts of the debts of the old firm, constituted Edward Dreyfus merely a surety for the payment of such debts, including the rent in question. And the extension by the plaintiffs of the time for the payment of such rent, with a knowledge of all the circumstances, and without the consent of Edward Dreyfus, has the effect to discharge his liability for such rent (*Miller* agt. *Thorn*, 56 *N. Y.*, 402 ; *Colgrave* agt. *Tallman*, 67 *N. Y.*, 95). These cases are strongly against the liability of the defendant, Dreyfus, under the facts of this case, although the plaintiff, Dodd, testified that the notes were not accepted in payment of the rent. These are very stubborn and pertinent facts to the contrary. At all events, the taking of the notes had the effect to postpone the time of payment of the rent. Upon the question whether the plaintiffs had information in regard to the dissolution of the partnership, Edward Dreyfus testifies :

Q. (By the court.) Did you dissolve partnership by an agreement in writing ? A. Yes, sir.

Q. (By defendant's counsel.) Is that the agreement ? A. Yes.

Q. Did you have any conversation with Mr. Dodd in reference to it ? A. Yes, sir.

Q. When ? A. I think it was shortly after.

Dodd and Moss agt. Dreyfus.

Q. What was the conversation? A. I told him I had dissolved partnership and Mr. Hyatt would continue in business as usual.

Q. What did you say, if any thing, about the rent?

Q. (By the court.) Did you say any thing else? A. Nothing more about that; only I dissolved partnership, and Mr. Hyatt could assume all the rents.

Defendant's counsel offers in evidence articles of dissolution in writing spoken of by the witness, which was marked No. 2, R. B. Objected to. Objection sustained; exception taken. It is as follows:

"By mutual consent of the undersigned, the parties to the within agreement, the partnership thereby formed is wholly dissolved. Messrs. S. M. Hyatt and H. J. Hyatt assuming all rents due to J. M. Dodd, and all accounts deriving from said partnership to be paid by S. M. Hyatt and M. J. Hyatt.

"In witness whereof, the parties have hereunto set their hands and seals this 22d day of December, 1873.

M. J. HYATT. [L. s.]

S. M. HYATT. [L. s.]

E. DREYFUS. [L. s.] "

John M. Dodd, one of the plaintiffs, testifies as follows:

Q. You have heard the testimony of Mr. Dreyfus; did he, at any time, tell you that S. M. Hyatt and his son had bought out his interest and assumed the rents of the property? A. He did not, to my knowledge.

Q. Did you ever agree to receive either of these notes in payment of the rent due under that lease? A. I did not.

It will be observed that the evidence of this witness as to whether he was informed by Dreyfus that the Hyatts had bought out his interest and assumed the rent, is qualified. The facts as they appeared before us are very strongly to the effect that the plaintiffs were fully informed in regard to the dissolution of the partnership, and the assuming by the Hyatts

of the rent and the extension of the time of payment. At all events the case was not such as to justify the court in directing a verdict in favor of plaintiff.

We conclude, therefore, that the judgment must be reversed and a new trial ordered, with costs to abide the event of the action.