## CITY COURT OF NEW YORK.

WILLIAM McSHANE *et al.*, plaintiffs and respondents, agt. PHILIP BRAENDER, defendant and appellant.

*Affirmative of. the issue — Right to open and close — Effect of immaterial denials.*

The plaintiffs sued to recover the amount of a promissory note made by the defendant to the order of McS. & Co. and delivered to the plaintiffs. The answer denied each and every allegation in the complaint contained except as thereinafter admitted. It then alleges, among other things, that the defendant "gave the plaintiffs a note for $2,054," and "the note set forth in the complaint was the final renewal of said note." The answer then attacks the consideration of the note and pleads other facts in defense to it.

*Held*, that the defendant should have been awarded the affirmative of the case and the right of opening and closing to the jury, and the denial was error for which the judgment should be reversed.

*General Term, November*, 1883.

*Bartlett, Wilson & Hayden*, for appellant.

*T. C. Ennever*, for respondent.

McShane *et al.* agt. Braender.

McADAM, *J.* — The plaintiffs sued to recover the amount of a promissory note made by the defendant to the order of William McShane & Co., and delivered to the plaintiffs.    The answer denied each and every allegation in the complaint contained, except as thereinafter admitted.    It then alleges, among other things, that the defendant " gave the plaintiffs a note for $2,054," and " that the note set forth in the complaint was the final renewal of said note."    The answer then attacks the consideration of the note, and pleads other facts in defense to it.    After the jury had been called and sworn, the counsel for the defendant moved that his client be awarded the affirmative of the case, with the right of opening and closing to the jury.    The motion was denied and the defendant excepted. The plaintiffs' counsel then stated to the jury that the action was on a promissory note for $2,054, and that " the making of the note was admitted by the answer."    He then put the note in evidence and rested his case.    The defendant conceded that the plaintiffs had nothing to prove, and the plaintiffs' counsel by his admissions and acts demonstrated that the defendant was right in claiming the affirmative.    The plaintiff offered no evidence ; having the admitted note marked as an exhibit scarcely rises to the dignity of necessary proof.    The plaintiffs counsel contends that the answer did not specifically admit that the plaintiffs were the owners of the note, nor that they were the payees intended by " William McShane & Co."

The note was delivered to the plaintiffs, and the answer assumed that they were the payees.    The plaintiffs' counsel certainly so regarded it, as he offered no proof of partnership or of ownership.    The case comes directly within the rule laid down in *Millerd et al* agt. *Thorn* (56 *N. Y.*, 402), in which the plaintiffs' complaint alleged, in substance, that they were partners, and that they sold and delivered to defendant certain goods.    The defendant denied the allegation of partnership, but admitted that the defendants purchased of the plaintiffs the goods set forth in the complaint.    The answer then set up an affirmative defense.

The court of appeals held that the denial of plaintiffs' partnership was immaterial, and that if the affirmative defense failed they were entitled to judgment whether partners or not; that the defendant had the affirmative and the right to open and close the proof, the denial of which was error. It was error in the present instance, for which the judgment must be reversed and a new trial ordered, with costs to abide the event.

SHEA, C. J., and NEHRBAS, J., concurred.