MARCELLUS S. AYER & another *vs.* JAMES KILNER
& others.

Worcester.    January 16, 1889. — February 26, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Dissolution of Partnership — Retiring Partner's Liability for Firm Debts*
*— Novation.*

A firm was dissolved, and one partner, who continued the business under the same name, agreed with the one retiring to pay the firm debts; a firm creditor for goods sold told the continuing partner that new goods must be paid for within a limit and that over-payments might apply on the old account, and wrote him enclosing a "statement of both the old and new account," and stating that "the new account" was to be kept down to the limit and "the old" was to "be paid as soon as possible"; and in a later letter, after stating the new account and also "the old one, that is, yours and" the retiring partner's, asked him to state his financial condition and that of his business; and the continuing partner, in the presence of the retiring one and of such creditor's selling agent, made the statement that he had bought that partner out and was to pay the firm debts, "applying the first money thereto." At the trial of an action by the creditor against the partners to recover for the old indebtedness, it did not appear that the plaintiff knew of the agreement between them, or that they had in fact agreed the "first money" was to be so applied, or that his selling agent assented or had authority to assent to the arrangement stated to him. *Held,* that a finding for the plaintiff was not unwarranted upon these facts.

HOLMES, J.    This is an action against the members of a partnership to recover for goods sold them.    The defendant Sibley, who alone defended, sets up that his firm was dissolved, that his former partner Kilner bought him out and agreed to pay the firm debts, and that the plaintiffs accepted Kilner as their sole debtor.    The judge before whom the case was tried found for the plaintiffs, and the only question before us is whether that finding is shown to be unwarranted by the facts found specially in the report.    The argument for the defendant goes wholly on the assumption that the court ruled against him as matter of law, which does not appear to have been the case.

The only facts needing mention are, that the plaintiffs knew of the dissolution, and continued to deal with Kilner under the old firm name, but informed him that he must make payments for his new purchases within thirty days, and that any pay-

ments in excess of this might apply on the old account. It does not appear with certainty that they personally knew of his agreement to pay the old debts. Afterwards they wrote: " J. Kilner & Co., We enclose statement of both the old and new account. We . . . want you to keep the new account down to thirty days; . . . the old we want you to square up as fast as possible." Later they wrote again, stating the amount due on the new account, and also the amount due " on the old one, that is, yours and Mr. Sibley's," and asking for a statement " as to just how you stand financially, and in what condition your business is." The foregoing communications do not necessarily import assent to a substitution of liability, even if the plaintiffs had notice of the defendant's agreement, but rather the reverse.

It appears that Kilner said to Sibley, in the presence of one Stevenson, the plaintiff's selling agent, " that he had told Stevenson of the dissolution, and that he had bought out Sibley, and was to pay the debts of the old firm, and that the first money was to be applied to the old debts." But it does not appear that in fact Kilner and Sibley had agreed that the first money paid by Kilner should be applied to the old debts. Furthermore, Stevenson neither assented, nor, so far as appears, had authority to assent, to such an arrangement. And if the defendants had agreed as stated, and notice to Stevenson was notice to the plaintiffs of the agreement, the plaintiffs personally communicated to Kilner what they would assent to. They had a perfect right to refuse to sell to Kilner, except upon the terms that he was to pay for those purchases first, whatever Kilner's agreement may have been with Sibley. They were under no obligation to discharge their debtor Sibley, and they did nothing which conclusively implied their consent to do so as matter of fact. If Sibley could change his position to that of a surety by his agreement with Kilner, (*Colgrove* v. *Tallman*, 67 N. Y. 95,) the plaintiffs neither did nor omitted anything of which he could complain as such. We therefore do not consider what would be sufficient in law to discharge him. See *Wildes* v. *Fessenden*, 4 Met. 12; *Lyth* v. *Ault*, 7 Exch. 669.

*Decree affirmed.*

*C. W. Bartlett & B. W. Potter*, for the plaintiffs.
*W. W. Rice & H. W. King*, (*C. M. Rice* with them,) for Sibley.