PRATT, J., concurred.

Order denying motion to quash writ of *certiorari* reversed with costs and disbursements, and motion granted, with costs.

---

CELIA A. STILWELL, APPELLANT, *v.* HANNAH E. ARCHER, RESPONDENT, IMPLEADED WITH ANOTHER, DEFENDANT.

*Evidence — trial — affirmative of the issue — admission of the making and denial of the delivery and consideration of a bond.*

One Stilwell brought an action upon a bond made by Hannah E. and Eugene Archer. The defendant Hannah E. admitted the execution of the bond, but denied its delivery, or that there was any consideration for it; she also alleged fraud and usury.

Upon the trial of the action she claimed to hold the affirmative of the issue, which demand was conceded to her by the court.

*Held*, that this was error.

That, in order to entitle the plaintiff to judgment, it was necessary for her to prove the delivery and consideration of the bond, and she, therefore, held the affirmative.

APPEAL by the plaintiff Celia A. Stilwell from a judgment of the Supreme Court, entered in the office of the clerk of the county of Westchester on the 6th day of April, 1889, upon a verdict for the defendant directed by the court at the Westchester Circuit after a trial before the court and a jury.

*Norman A. Lawlor*, for the appellant.

*Chauncey Shaffer*, for the respondent.

BARNARD, P. J.:

The plaintiff had the affirmative of the issue under the pleadings. The action is upon a joint bond executed by Eugene Archer and Hannah E. Archer to the plaintiff to secure the payment of $1,000. The defendant Hannah E. Archer answers that she is a married woman, and that the bond was not given for her separate

business; that there was no consideration for it, and that it was never delivered to the plaintiff. The answer sets up additional affirmative defense that the bond was obtained by fraud and was usurious; and that the plaintiff accepted the note of Eugene Archer in payment and satisfaction of the bond. The plaintiff, upon this state of the pleadings, could not take judgment without proof of the delivery and consideration of the bond. The defendant had the affirmative of the issue given to her; she was then sworn, and testified that she signed. the bond at the request of her husband, and that nothing was said by him to his wife as to the purpose or consideration of the bond which accompanied a mortgage upon Mrs. Hannah E. Archer's separate property. That it had been talked of between the husband and wife that $1,000 was to be borrowed to improve Mrs. Archer's place. Proof was given by Eugene Archer that he negotiated for the money with Stephen J. Stilwell, his nephew, and upon an agreement that he and Eugene Archer would use the money as partners in buying and selling stocks. The money loaned belonged to the plaintiff. Stilwell soon after this married her. Proof was given by defendant, Mrs. Archer, tending to show usury, and that Stephen J. Stilwell owed Eugene Archer profits on stock bought and sold, and that Eugene Archer's note was given for $1,000, at two years' credit, in satisfaction of plaintiff's note. The plaintiff testified that she gave a check for $1,000 and received the bond and mortgage; that she never knew of any stock speculation; that there was no usury; that she never authorized her husband to take Eugene Archer's note for her mortgage. The case went to the jury and they failed to agree, whereupon the court directed a judgment for the defendant. The plaintiff is entitled to a new trial on the ground that the affirmative of the issue was with the plaintiff. (*Millerd* v. *Thorn*, 56 N. Y., 402.) And also upon the ground that the proof did not justify a direction of a judgment for the defendant. The plaintiff lent the money, and there was nothing, proven beyond question, which destroyed her mortgage.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.