GEORGE HARLEY, Respondent, *v.* EDWARD FITZGERALD, Appellant.

*Right to open and close a case in a Justice's Court — proof of the claim in that court — when a defendant has the affirmative of the issues.*

The right of a party to an action to open and close the case is a substantial right, and a failure to grant it in a proper case is a fatal error.

As by the provisions of section 2868 of the Code of Civil Procedure, a justice of the peace must hear, try and determine actions before him according to law, such principle is applicable to actions tried in Justices' Courts.

The provision of section 2891 of the Code of Civil Procedure, to the effect that, if the defendant fails to appear and answer, the plaintiff cannot recover without proving his case, does not apply where the defendant does appear and answer.

The plaintiff in an action brought before a justice of the peace made oral complaint for a certain sum, with interest from a specified date; the defendant by answer admitted the principal indebtedness, but made no allegation as to the interest, and set forth two counterclaims.

*Held,* that the defendant had the affirmative of the issue, and was entitled to open and close the case.

APPEAL by the defendant, Edward Fitzgerald, from a judgment of the County Court of Orange county in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 1st day of November, 1894, upon the decision of the court affirming a judgment of a justice of the peace of the city of Newburgh, Orange county, with notice of an intention to bring up for review upon such appeal the said judgment of the Justice's Court and the refusal of the justice to allow the defendant the affirmative of the issue and the right to open and close the case.

*A. H. F. Seeger,* for the appellant.

*William D. Dickey,* for the respondent.

CULLEN, J. :

This is an appeal from a judgment of the County Court affirming a judgment recovered in the court of a justice of the peace.

There is but one point urged on this appeal, that on the trial before the justice and jury the defendant was denied the right to

open and close the case. That this right is substantial and that a failure to grant it in a proper case is fatal error is settled by authority. (*Murray* v. *N. Y. Life Ins. Co.*, 85 N. Y. 236; *Millerd* v. *Thorn*, 56 id. 402.)

By section 2868 of the Code the justice must hear, try and determine actions before him according to law. So the principles cited must apply in such cases. (3 Wait's Law & Prac. 470, 724.) The plaintiff made oral complaint for forty-five dollars, with interest from September 1, 1893, for wages. The defendant filed a written answer pleading a general denial and a counterclaim. When the case came on for trial he filed an amended answer denying nothing, but admitting the indebtedness of forty-five dollars without any allegation as to the interest. The answer then set forth two counterclaims. On this answer it is plain that the defendant had the affirmative. True, the answer did not admit interest, but an admission was not necessary as the failure to deny the allegation of the complaint operated as an admission. Nor was it necessary for the plaintiff to prove his case. Section 2891 of the Code provides that if the defendant fails to appear and answer the plaintiff cannot recover without proving his case. But this does not apply where the defendant does appear and answer. (*Gregory* v. *Trainor*, 4 E. D. Smith, 58.) Nor is it material whether the second defense pleaded be considered a counterclaim or a set-off. In either case the burden of proof to establish it was on the defendant.

The judgment of the County Court and of the justice should be reversed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment of the County Court and the court of the justice of the peace reversed, with costs.