SCHLOSS BROS. & CO., INCORPORATED, Respondent, *v.* RICHARD W. BENNETT et al., Individually and as Copartners under the Firm Name of R. W. BENNETT & Co., Appellants.

(Argued October 26, 1932; decided November 22, 1932.)

*Benjamin C. Ribman* for appellants. The course of dealings between the parties herein and the corporation effected a substitution and discharge of defendants' liability to the plaintiff, which liability was assumed by the corporation. (*Luddington* v. *Bell*, 77 N. Y. 140; *Filippini* v. *Stead*, 4 Misc. Rep. 405; *Bachus* v. *Fobes*, 20 N. Y. 204; *Union Trust Co.* v. *Owen*, 77 App. Div. 60; *Greene* v. *Greene*, 125 N. Y. 506; *Shaw* v. *McGregory*, 105 Mass. 96; *Tysen* v. *Somerville*, 35 Fla. 219; *Regester* v. *Dodge*, 6 Fed. Rep. 6; *Lane Co.* v. *United Oilcloth Co.*, 103 App. Div. 378; *DeWitt* v. *Monjo*, 46 App. Div. 543; *Newburger* v. *Lubell*, 257 N. Y. 383.) The composition agreement executed by the creditors' committee with defendants, and the subsequent course of plaintiff's conduct, were sufficient to discharge defendants of all obligations. (*Beck* v. *Witteman Bros.*, 185 App. Div. 643; *Blair* v. *Wait*, 69 N. Y. 113; *Matter of Abo*

*Samra*, 169 App. Div. 604; *O'Brien* v. *Metropolitan St. Ry. Co.*, 27 App. Div. 1; *Matter of Barrett's Estate*, 141 Misc. Rep. 637; *Matter of Evans*, 234 N. Y. 42; *Shipley Construction & Supply Co.* v. *Mager*, 165 App. Div. 866; *Smith* v. *Farley*, 155 App. Div. 813; *Trustees of East Hampton* v. *Vail*, 151 N. Y. 463; *Williams* v. *Schreiber*, 14 Hun, 38; *Renard* v. *Fuller*, 17 N. Y. Super. Ct. 107.) Defendants are entitled to judgment on the pleadings. (Civ. Prac. Act, § 476.)

*Harry Yarm, H. Lesser* and *J. J. Lesser* for respondent. The plaintiff never consented to a substitution of the corporation as its debtor in place and instead of the partnership. Therefore, there is no novation. ( *Netterstrom* v. *Gollistel*, 110 Ill. App. 352; *Cutting* v. *Whitlemore*, 72 N. H. 107; *State Bank* v. *Domestic Sewing Machine Co.*, 99 Va. 411; *Fidelity Loan Co.* v. *Engleby*, 99 Va. 168; *Gibbs* v. *Waring*, 79 Misc. Rep. 218; *McLaughlin* v. *Gillings*, 28 Misc. Rep. 56; *Donemore Clothing Co.* v. *Shapiro*, 202 N. Y. Supp. 259; *Union Bank* v. *Stafford*, 12 How. [U. S.] 327; *Hyde* v. *Booraen*, 16 Pet. 169; *City Nat. Bank* v. *Fuller*, 52 Fed. Rep. [2d] 870; *Leckie* v. *Bennet*, 160 Mo. App. 145; *Michelin Tire Co.* v. *Akers*, 32 N. M. 234; *Messner* v. *Mason's Dairy*, 4 Pac. Rep. [2d] 207; *Clinchfield Fuel Co.* v. *Lundy & Sons*, 139 Tenn. 135; *Illinois Car & Equipment Co.* v. *Linstroth Wagon Co.*, 112 Fed. Rep. 737; *Chapin* v. *Brown*, 101 Cal. 500; *Martin & Co.* v. *Brosman*, 18 Cal. App. 477; *Redwill* v. *Matzenauer*, 32 Ariz. 13; *Dean* v. *Collins*, 15 N. D. 535; *Harrington-Wiard Co.* v. *Blomstrom Mfg. Co.*, 166 Mich. 276; *Tuscaloosa Lumber Co.* v. *Tropical Paint & Oil Co.*, 211 Ala. 258; *Shaw* v. *Thronberry*, 218 Ky. 140; *Matter of Dahnke Walker Milling Co.*, 1 Fed. Rep. [2d] 404; *Matter of Gibbs* v. *Waring*, 79 Misc. Rep. 218; *McLaughlin* v. *Gillings*, 18 Misc. Rep. 56.) The defendants' motion for judgment under section 476 of the Civil Practice Act was improper. ( *Kidder* v. *Hesselman*, 119 Misc. Rep. 410; *Lloyd* v. *R. S. M. Corp.*, 251 N. Y. 318.)

Pound, Ch. J. Plaintiff, a corporation, sues defendants, copartners, for a balance due on the purchase price of goods, wares and merchandise. The answer alleges a novation whereby the plaintiff accepted R. W. Bennett & Co., Inc., a New York corporation, as its debtor in place of the partnership and released defendants from any liability for the cause of action sued on. Plaintiff's claim was originally against the partnership. Plaintiff continued for a time to do business with the corporation without discharging the partnership from its indebtedness.

The following facts appear: When the Bennett corporation was formed each of the defendants loaned it the sum of $20,000. After the Bennett corporation found itself in difficulties a creditors' committee was appointed which took possession of all its assets; and at a meeting of the committee, the defendants Bennett and Rosenberg agreed to waive their $20,000 claims against the Bennett corporation on condition, among other things, that all checks to be sent to the creditors in payment of dividends were to bear the following indorsement: " This check is accepted by the payee hereof in full payment, release and discharge of any and all claims of the payee against R. W. Bennett & Co., Inc., and also R. Walter Bennett and Samuel Rosenberg heretofore doing business under the firm name and style of R. W. Bennett & Co., Inc."

The creditors' committee sent plaintiff a check for $2,457.97, representing the dividend on the total of plaintiff's claims which it was then asserting against the Bennett corporation as well as the copartnership, which check bore language releasing these defendants. Plaintiff returned this check to the committee with its letter, in which it stated: " We are willing to accept check for the 28.65% of the claim, that is, in two checks; one covering the amount for which the individual partners are liable, namely, $1,343.22, and the other check for the remainder, $1,114.75, covering the claim against the corporation, and we are willing to release our claim against the corporation, * * *."

In response to this letter, the creditors' committee sent plaintiff a letter, in which the committee said: " Upon advice of counsel, we are forced to state that because of the agreement entered into between the Creditors' Committee and R. W. Bennett and Samuel Rosenberg, all checks being sent to creditors must bear the endorsement that they are accepted in full settlement.

" The consideration for this arrangement was the waiving by said R. W. Bennett and Samuel Rosenberg of their respective claims against the corporation in the amount of $20,000 each.

" In view of this fact we are holding these checks here subject to your order.

"Awaiting your further advice, we remain.  *  *  *."

After the exchange of these two letters plaintiff actually did obtain two checks, one for $1,114.75 in payment of the dividend on the alleged claim against the corporation, which it evidently received direct from the creditors' committee, and the other for $1,343.22, which it received as the result of a judgment it obtained by default in a City Court action against the Bennett corporation.

The plaintiff availed itself of the benefit of the composition and now takes the position that it is not bound by the composition.

It further appears that the sale of the assets of the Bennett corporation resulted in a payment of $31,625, which · became available for dividends. Bennett and Rosenberg could have shared in this to the extent of receiving a dividend on their claims for $20,000, which they waived.

The complaint in the action in the City Court sets forth that the goods were sold to the partnership and that plaintiff did not release its claim against the partnership therefor. It recites the liquidation proceedings and alleges that as a result thereof there became due and owing from the defendant in the City Court action to the plaintiff the sum of $2,457.97, being 28.65 per cent of their

claim which was in the hands of the defendant available for payment to the plaintiff, wherefore they demanded judgment for the amount thereof less the amount of the dividend paid on the claim against the corporation. Plaintiff obtained judgment and applied the amount received on the partnership account leaving a balance of $3,345.15, the amount for which summary judgment has been granted to plaintiff.

The plaintiff-respondent contends that there has been no novation but that the corporation became the principal debtor and the partnership its surety. This is the rule where there has been no novation. (*Millerd* v. *Thorn*, 56 N. Y. 402; *Colgrove* v. *Tallman*, 67 N. Y. 95.)

It is elementary that a contract may be discharged by the introduction of new parties and a new contract entered into by novation. The creditor when advised, after he has entered into a contract with two or more, that one of them has retired from the contract and the others have assumed the debt, may (1) insist upon the continued liability of the retiring debtor, or (2) by continuing so to deal with the new debtors as to evidence his intention, he may enter into a new contract to accept them as solely liable. If he does the latter, he cannot hold the retiring party on the original contract. The assent of the creditor to the substitution must be established (*Ayer* v. *Kilner*, 148 Mass. 468), but the consent to enter into the new contract may be implied by conduct. (1 Williston on Contracts, 681.)

A creditor may no doubt, without releasing his original debtor, take advantage of the agreement of a third party to pay the debt in consideration of a transfer of property to him by such original debtor. The original debtor, in such case, need not be discharged and may still be held liable for the debt. (*City National Bank* v. *Fuller*, 52 Fed. Rep. [2d] 870; *Harrington-Wiard Co.* v. *Blomstrom Mfg. Co.*, 166 Mich. 276.)

So here the question is whether the collection of a divi-

dend from the corporation on the partnership claim amounted in law to a consent by the creditor to take the new debtor as his sole security and to extinguish the claim against the former debtor. The corporation here offered to pay the partnership creditors a dividend if they would accept it in full discharge of any claim against the partnership. The plaintiff knew that the corporation raised and held the fund for the purpose of discharging the liabilities of the partnership as well as of the corporation. To be sure the plaintiff refused to take the money from the corporation when it was offered on the conditions on which it was offered, i. e., " all checks * * * sent to creditors must bear the endorsement that they are accepted in full settlement." It might have sued the corporation on the theory that it had assumed the debt. It might have sued the individual debtors on the theory that it had not released them, but it saw fit to sue the corporation for a fund held by it for the sole purpose of discharging the partnership debts together with those of the corporation. In collecting this money from the corporation, in which it was entitled to share only as it accepted the composition agreement, it cannot be said as matter of law that it did not discharge the partnership.

Where the creditor of a partnership after dissolution thereof, knowing that one or several of the partners have agreed with the others to assume and pay the debts of the firm, takes the negotiable notes of those who should pay, in payment of the debts of the firm, he thereby cancels the claim against the firm and discharges the other partners. (*Millerd* v. *Thorn*, *supra*.) This is contrary to the rule in some jurisdictions. (Cf. *Tuscaloosa Lumber Co.* v. *Tropical Paint & Oil Co.*, 211 Ala. 258.)

When the creditor participates in a fund created by those who should pay and takes the money from such fund, he takes it subject to the conditions by which it was created and thus cancels his claim against the original

debtor. Actions speak louder than words. He cannot protest that he has never released the original debtors while he at the same time participates in the benefits offered only to those who will release them. He may not resort to technical rules to limit the scope of a novation by assuming the verbal role of a non-assenting creditor. When by taking from such a fund in which he has no right otherwise to share he necessarily accepts his share on the conditions for which the fund came into being.

The judgment should be reversed and plaintiff's motion for summary judgment should be denied, with costs in all courts. Defendants' motion for summary judgment should be granted, with ten dollars costs.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.