In the Matter of JAMES R. O'ROURKE, Respondent, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York.

KENNETH CAMERON, Appellant.

(Argued October 31, 1934; decided October 31, 1934.)

*Sanford H. Cohen* and *Charles H. Tuttle* for appellant.

*Harrison Tweed, Wilber Stammler* and *George E. Diethelm* for Winston Guest, *amicus curiæ.*

*David Vorhaus* and *David J. Maxwell* for Frederick F. Greenman, *amicus curiæ.*

*Samuel Davis, Edward S. Wachsman* and *Charles Marks* for respondent.

*Per Curiam.* For twelve years the practice has been sanctioned by the Board of Elections of New York city that where a nominee for office came from a territorial district or division wholly within a county, not less than

1,500 names of qualified voters were necessary for nomination by independent petition. This was in accordance with the amendment to the Election Law (Cons. Laws, ch. 17, § 137, subd. 4) in 1922. This section reads: " An independent nominating petition for candidates to be voted for by all the voters of the state must be signed by at least twelve thousand voters, of whom at least fifty shall reside in each county of the state, the counties of Fulton and Hamilton to be considered as one county. Such a petition for a village office must be signed by voters numbering five per centum of the number of voters at the last regular village election. Such a petition for the nomination of candidates for an office to be filled by the voters of any other political unit must be signed by voters numbering five per centum of the total number of votes cast for governor at the last gubernatorial election in such unit; but not more than three thousand signatures shall be required upon any such petition for any office to be filled in any political subdivision of the state, and not more than one thousand five hundred signatures upon any such petition for any office to be filled in any county or portion thereof. * * * "

The last clause " and not more than one thousand five hundred signatures upon any such petition for any office to be filled in any county or portion thereof " applied to Assembly, Senatorial and Congressional districts which were wholly within a county and constituted a portion thereof. This section previously being chapter 800 of the Laws of 1913, in this particular read as follows: " excepting that not more than three thousand electors shall be required to make an independent nomination in any political subdivision; and excepting that not more than one thousand five hundred electors shall be required to make an independent *nomination for a borough or county office.*" (§ 4.) Note that the one thousand five hundred electors only applied to borough or county offices and so it was held in *Matter of Greenwald* v. *Boyle* (179

322

App. Div. 672; affd., 221 N. Y. 688). That case related to a Municipal Court judge who was nominated by independent petitions containing less than three thousand names. The court below called attention to the fact that it was strange to require three thousand names for an office elected by a portion of a borough and only one thousand five hundred names for offices elected by the entire county.

In this court, HISCOCK, Ch. J., concurred in result only, and POUND, J., dissented in the following words: " Dissenting on the ground that so far as section 122 of the Election Law requires more than 1,500 signatures for an independent nomination in a subdivision of a county or a borough, it is unreasonable and void." (§ 122 is now § 137.) In the Appellate Division it was said: " The argument that an independent nomination for Municipal Court justice would require as many signatures as an independent nomination for mayor of the whole city and twice as many as are required for a president of a borough or a district attorney of a county is one to address to the Legislature." Evidently the Legislature took note of this decision, for in 1922 it amended the Election Law (Ch. 588) and gave us section 137, subdivision 4, as it now is.

It struck out the words " for a borough or county office," and substituted " for any office to be filled in any county or portion thereof." This change had a meaning and it seems quite apparent that it referred to nominations for those offices where the geographical territory of the district was entirely within the county or formed a part thereof. Such are the Congressional, Senatorial and Assembly districts within the city of New York. Therefore, the prevailing practice has been legal and one thousand five hundred signatures of qualified voters is the requisite minimum.

It is said that the provision which required this minimum for the city and a three thousand mimimum

for similar districts outside the city would be unconstitutional. The districts outside the city take in, many times, other counties, and in other particulars differ from the situation in big cities. Besides the whole matter is subject to regulation by the Legislature as long as there is nothing unreasonable in the measures provided or they do not deprive any one of the right to vote. (*People ex rel. Woodruff* v. *Britt*, 260 N. Y. 246; *People* v. *Havnor*, 149 N. Y. 195.)

For these reasons, the orders below should be reversed and the motion denied, without costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Orders reversed, etc.