Arthur D. Brennan, J.
In this action brought to recover a balance unpaid for building materials sold and delivered, the plaintiff moves for summary judgment against the defendant, Migliore, one of the vendees of said materials.
From the answer and affidavit submitted in opposition herein, it appears that some time subsequent to the sale of said materials, a relative of both defendants conferred with the plaintiff’s president and after explaining that said defendants were in financial straits, it was agreed between said relative and said president that the relative assume the obligation then due from the defendants to the plaintiff; that the plaintiff then and there agreed to and did release said defendants from their obligation to the plaintiff; and that the said relative agreed to pay off and discharge the obligation assumed by bim either in the form of cash payments (if the same were convenient and possible) or by the performance of painting services which the plaintiff would thereafter request said relative to perform. It also appears that in January of 1958, this relative rendered certain painting services to the plaintiff in and for the agreed and reasonable value of $149.80 which was allowed as a credit on the subject indebtedness and that in the early part of this month, the plaintiff ordered further similar services which said relative has agreed to perform for an additional credit of $200.
The foregoing allegations are not controverted by the movant. Instead, it firmly maintains that the aforesaid assertions constitute only an executory accord, as defined by section 33-a of the Personal Property Law; and in reliance on the provisions of the cited section as well as the case of Goldbard v. Empire State Ins. Co. (5 A D 2d 230) it earnestly urges that since said executory accord has not been fully performed, is not in writing and has not been signed by the plaintiff, the same must be denied effect as a defense.
In this court’s opinion the said contention may not be sustained. The aforesaid arrangement involved a new party and, as alleged, did not condition the discharge of the original debtors upon actual and full performance by the new promisor ; on the contrary, it provided for a present discharge of said original debtors. The assent of the original debtors to this arrangement was not required, nor was the validity of the *969 same affected by the fact that a substituted performance (in the form of painting services) was called for thereunder. In this court’s view, said arrangement constituted a true novation and, as such, was and is a valid defense to the claim which the plaintiff now asserts against one of said original debtors. (See Schloss Bros. & Co. v. Bennett, 260 N. Y. 243; 6 Corbin on Contracts, §§ 1297, 1299, 1300.) And in this connection, it may also be noted that an action based on a novation is not subject to the defense of the Statute of Frauds contained within the provisions of section 31 of the Personal Property Law. (Claggett v. Donaldson, 238 App. Div. 831.)
Accordingly, the motion is denied. Submit order.