In the Matter of THEODORE W. BARBER, Appellant, *v.* JOHN P. LOMENZO, as Secretary of State, Respondent.

Third Department, October 22, 1965.

44

*Barber & Sullivan* (*Michael J. Sullivan* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *Herbert H. Smith* of counsel), for respondent.

HERLIHY, J. Special Term sustained the decision of the Secretary of State that a minimum of 3,000 names was required pursuant to section 138 of the Election Law and therefore the petition was invalid.

The senatorial district was outlined pursuant to Plan " A " enacted at the extraordinary session of the Legislature in 1964 (see L. 1964, ch. 976*), to include part of Nassau and part of Queens Counties, the latter being within the New York City limits.

The petitioner contends that, irrespective of the requirements for the regular party petitions, the varying requirements for independent petitions, *inter se,* deny equal protection under Plan " A " in which it was the express intent of the Legislature that all senatorial districts in the State be equal in population size.

Section 138 (subd 5, par. [c]) of the Election Law pertains to independent nominating petitions and clause (4) thereof requires 3,000 names for any office to be filled by all the voters of any senatorial district in New York City. Under clause (1) only 1,500 names are required " in any county or portion thereof outside the city ". Clause (6) covers a situation, such as

---

* At the time of the adoption of the law the Legislature stated: " It is intended that this act and the districts described herein completely encompass all the area within the state. It is also intended that such districts apportioned on the basis of nineteen hundred sixty citizen population, contain all the citizens resident in this state. *It is further intended that the apportionment and districting provided for in this act result in the creation of districts containing substantially equal citizen population.*" (Emphasis supplied.) (Reapportionment Compliance Act, § 402, subd. 2.)

petitioner's, where the district is in two counties: " (6) for any office to be filled by the voters of a political subdivision containing more than one county not to exceed the aggregate of the signatures required for the counties so contained."

The legislative attempt to bring section 136 pertaining to party petitions into line with reapportionment edicts, whether or not validly carried out, is some indication that similar remedial action should have been accomplished with respect to section 138.

That it was intended that apportionment rights extended beyond the right to vote in a general election is shown in *Matter of Davis* v. *Board of Elections of City of N. Y.* (5 N Y 2d 66, 68–69) where it was stated: " Section 1 of article I of the New York Constitution declares that ' No member of this state shall be disfranchised, or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land, or the judgment of his peers.' *It is true, as the appellant asserts, that this franchise includes the right to participate in the nomination of candidates as well as the right to vote (Matter of Hopper v. Britt, 204 N. Y. 524, 531; Matter of Burke v. Terry, 203 N. Y. 293, 295).* As this court said in *Matter of Burke* v. *Terry* (*supra,* p. 295) : ' The franchise of which no " member of this state " may be deprived is not only the right of citizens who possess the constitutional qualifications to vote for public officers at general and special elections, but it also includes the right to participate in the several methods established by law for the selection of candidates to be voted for '. But the exercise of these correlative rights is subject, in the manner of their exercise, to the plenary power of the Legislature to promulgate reasonable regulations for the conduct of elections [citations]." (Emphasis added.)

The Supreme Court has held that seats in both houses of our Legislature be apportioned solely on a population basis; that otherwise the equal protection clause is violated (*WMCA* v. *Lomenzo,* 377 U. S. 633; *Reynolds* v. *Sims,* 377 U. S. 533). The Legislature in complying with the Supreme Court mandate did not go far enough in revamping the election structure. As was reasserted in the *Davis* case quoted from above, the nominating process entails the franchise as much as does the electing process. A man's vote (signature) at the first level, then, should be worth as much as any other vote at that level. And this especially in view of the fact that no further reason remains for disproportionate requirements, all the senatorial districts now being the same in population size and population now being the *sole* criterion. While, as stated in *Reynolds* v.

*Sims* (*supra,* pp. 578–580) the integrity of various political subdivisions can be maintained, this can only be correlative to the overriding objective that the vote of any citizen is approximately equal in weight to that of any other citizen in the State.

The Election Law is subject to liberal interpretation. If section 138 has not been superseded by the 1964 statute it at least must be found to be, under the circumstances, discriminatory and arbitrary. In *Matter of O'Rourke* v. *Cohen* (265 N. Y. 318, 323) when referring to the requirements for independent nominating petitions, the court said: " Besides the whole matter is subject to regulation by the Legislature as long as there is nothing unreasonable in the measures provided or they do not deprive anyone of the right to vote." When the Legislature drastically changed the senatorial districts to comply, not to territorial limitations, but to population in accordance with the mandate of the United States Supreme Court, and failed to amend section 138 of the Election Law so as to comply therewith, it made that section unreasonable and, unless corrected by the court, deprives 2,300 voters in the district of their right to nominate the person of their choice. A logical extension of the reapportionment statutes and cases dictates the answer that the independent petition requirements in section 138 (subd. 5, par. [c]) are invalid.

The contention that invalidation of the clauses of subdivision 5 would invoke the uniform application of the over-all 5% (3,000 maximum) requirement seems without substance in view of the fact that requirement specifically pertains to subdivisions wholly outside the city. Part of the Eighth District is in the city and so the requirement by its terms could not be applied. Further, equal protection would be and has been denied if the 5% rule were held to control, since presumably candidates were entitled to be on the ballot with only 1,500 signatures.

In the first instance, the Secretary of State had no alternative but to reject the petition for failure to have the required number of signatures but the argument since advanced that there are other senatorial districts, as created, presently requiring more than 1,500 signatures is not, under the circumstances, controlling or persuasive. The one-man, one-vote philosophy which, according to the statement of policy in chapter 976, " require[s] that the legislature be apportioned * * * complying with the guidelines enunciated by the federal courts " requires that this court, in turn, determine that the minimal of 1,500 signatures in districts apportioned on a population basis be deemed sufficient compliance with section 138. It might be argued that the problem is for the Legislature,

not the courts, but the question of reapportionment in New York State has become a judicial one as well; the Legislature having declared that Plan " A " should be effective and govern the 1965 general election, its intent and purposes should likewise apply to the mechanics of becoming a candidate for this year's election.

The Legislature, of course, is free to impose any minimum it sees fit at the next session so long as it is a uniform minimum.

The order should be reversed and respondent directed to certify appellant as a candidate for the office of State Senator in the Eighth Senate District.

GIBSON, P. J., REYNOLDS, AULISI and HAMM, JJ., concur.

Order reversed, with costs, and respondent directed to certify appellant as a candidate for the office of State Senator in the Eighth Senate District.