■ In the Matter of LOU WEIN, Also Known as LOUIS P. WEIN, Appellant, v LOUISE THOMAS et al., Respondents, and FRANCIS X. GARGIULO et al., Constituting the Board of Elections of the City of New York, Respondents.—Judgment, Supreme Court, New York County, entered on October 7, 1980, affirmed, without costs and without disbursements. Concur—Birns, Fein, Sandler and Sullivan, JJ.

Kupferman, J. P., dissents in a memorandum as follows: The appellant served and filed an order to show cause and accompanying petition seeking

to compel the Board of Elections to validate the nominating petitions of the City Independent Party for the general election to be held November 4 for the 17th Congressional District. The court at Special Term dismissed the petition "by reason of defective service." The "defect" was the fact that service was made by the candidate petitioner *himself* upon the appropriate parties. CPLR 2103 (subd [a]) provides that "Except where otherwise prescribed by law or order of court, papers may be served by any person not a party". Bearing in mind that the election laws should be liberally construed to enable persons who have complied with the provisions of the Election Law to appear on the ballot, see *Matter of Barber v Lomenzo* (24 AD2d 43, 46, affd 16 NY2d 963), the provisions which have to do with litigation generally should not be strictly construed in order to prevent a duly nominated candidate from pursuing his legal rights. Service by a party, under the circumstances, should be considered a mere irregularity, and especially when the defect does not prejudice the right of any party. (See CPLR 2001; *Matter of Kandel v State Div. of Human Rights*, 70 AD2d 817, 818.) In commenting on this case in the 1979 Survey of New York Law (31 Syracuse L Rev 34), the following was observed: "This year, the First Department observed that party service is 'a mere irregularity.' On principle, the First Department is clearly correct". Dean Joseph M. McLaughlin in his Practice Commentaries (McKinney's Cons Laws of NY, Book 7B, CPLR 2103, Cumulative Annual Pocket Part 1979-1980, p 46) states as follows: "In the absence of prejudice to the defendant, would it not make more sense to characterize these defects as mere irregularities and get on with the proceeding?"